## CHILDS v. BOLTON.

1. APPEAL.—When record does not show that Judge was requested to rule upon a question, the fact that he did not rule in a particular manner, cannot be assigned as error.

2. LORD CAMPBELL'S ACT—PARENTS—NEGLIGENCE—STATUTE DISTRIBUTIONS.—Under the recent amendments to Lord Campbell's Act, money paid to the administrator of a deceased unmarried son, for his death by negligence, is divided equally between his father and mother, there being neither brother nor sister, and statute of distribution does not apply.

Before GARY, J., Spartanburg, September, 1903. Reversed.

Action by Mary E. Childs against Nannie E. Bolton. From order dissolving attachment, plaintiff appeals.

*Messrs. Graydon & Richardson,* for appellant, cite: *Defendant cannot move to vacate attachment because property does not belong to her:* 25 S. C., 467; 17 S. C., 116, 120. *Defendant has an interest in money attached:* Code 1902, 2852.

*Messrs. Johnstone, Welch & McGhee,* contra. *Mr. McGhee* cites: *Attachment was improvidently issued:* 31 S. C., 369. *As to the disposition of the fund:* Code 1902, 2852.

September 2, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order dissolving an attachment. The motion to dissolve the attachment was made on the grounds "that the same was improvidently issued, and for other just and sufficient reasons."

The appellant's first exception is as follows:

"I. Because his Honor erred in not holding that the defendant, Nannie E. Bolton, was not the proper person to

make this motion, for the reason, that the statute provides the mode by which third parties may assert their claim to the property attached, and the defendant had no right to make the motion to dissolve the attachment on the ground that she had no interest in property attached."

The record does not show that the Circuit Judge was requested to rule upon this question. The fact that he did not rule in the manner set forth in the exception cannot, therefore, be assigned as error.

The second exception is as follows:

"II. Because his Honor erred in holding that the defendant had no interest in the money attached; the error being that the express terms of the statute gave her one-half of the sum collected on the account of the death of her son."

The facts are thus stated in the order of the Circuit Judge dissolving the attachment:

"Before disposing of the motion, I think it proper to give a brief history of the origin of the fund now on deposit and covered by the attachment in this proceeding.

"Prior to the commencement of this action, it seems that Mr. W. D. Melton, a member of the Columbia Bar, instituted a suit in favor of D. E. Bolton, the husband of the defendant, Nannie E. Bolton, against the Columbia Water Power Company for damages for negligently causing the death of James Bolton, a son of D. E. and Nannie E. Bolton. As a result of that suit a compromise was agreed upon, by which Mr. Nelson paid to D. E. Boltoon a check for $1,200, which was deposited by D. E. Bolton in the Farmer's and Merchant's Bank at Greenwood, S. C. Subsequently there was some dissatisfaction with this bank, and the fund was withdrawn from said bank and deposited in the Bank of Greenwood, where it now is, and as already stated, $600 of the original $1,200 is attached as the property of the wife, Nannie E. Bolton, defendant herein.

"The son died intestate, unmarried and without issue.

The contention of the plaintiff is that the defendant, Nannie E. Bolton, inherited under the statute of distribution equally with the husband, and is, therefore, owner of one-half of the original $1,200 recovered as damages for the death of their son. In section 2852, it is provided, 'And the amount so recovered shall be divided among the before-mentioned parties in such shares as they would have been entitled to if the deceased had died intestate, and the amount recovered had been personal assets of his or her estate.' In order, therefore, to determine whether the mother is entitled to an interest in the fund, it is necessary to refer to the statute of distribution of intstate's estates, and from my construction of that statute, the mother only inherits in the event of the death of the father.

"Having reached this conclusion, the defendant, Nannie E. Bolton, has no interest in the said fund that is the subject of attachment; the same is, therefore, set aside and vacated for said reasons."

Prior to 1898, the statute known as Lord Campbell's act was as follows:

"Every such action shall be for the benefit of the wife, husband, parent and children of the person whose death shall have been so caused, and shall be brought by or in the name of the executor or administrator of such person; and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action shall be brought, and the amount so recovered shall be divided among the before-mentioned parties in such shares as they would have been entitled to if the deceased had died intestate, and the amount recovered had been personal assets of his or her estate."

This section was amended in 1898, and again in 1901, so as to read as follows:

"Sec. 2852. Every such action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused; and if there be no

such wife or husband, or child or children, then for the benefit of the parent or parents; and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been caused as may be dependent on him for support, and shall be brought by or in the name of the executor or administrator of such person; and in every such action the jury may give such damages, including exemplary damages, where such wrongful act, neglect or default was the result of recklessness, wilfulness or malice, as they may think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action shall be brought. And the amount so recovered shall be divided among the beforementioned parties in such shares as they would have been entitled to if the deceased had died intestate, and the amount recovered had been personal assets of his or her estate''

The amendments made important changes in the original statute, among which was that which enables both the father and the mother to claim thereunder; whereas, formerly only the father could claim in the first instance, but if he was dead, then the mother could claim.

A statute, if possible, must be so construed as to give effect to all its words; and it is only by construing the present statute so as to enable both the father and the mother to claim, that effect can be given to the words "or parents."

In determining what parties have the right to take under the statute, we must resort alone to the provisions of Lord Campbell's act, and after this has been ascertained, then it is proper to look to the statute of distributions for the purpose of determining alone the proportions in which the fund should be distributed.

There is, however, no provision of the statute of distributions, determining the proportions in which the distribution should be made, when both the father and the mother are entitled to the fund. The statute of distributions is, therefore, inapplicable to this case.

In the absence of a statute directing otherwise, the pre-

sumption is that the fund is distributable equally between the father and the mother. Equality is equity. The second exception is sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.