6532

CRAWFORD v. ATLANTIC COAST LUMBER CORPORATION.

INJUNCTION—WASTE—TRESPASS.—Upon a complaint alleging trespass and waste on lands by continuously cutting down and removing timber, which will greatly impair and diminish its value and cause irreparable injury, no contrary showing being made by defendant, plaintiff is entitled to an injunction to restrain waste and trespass.

Before GARY, J., Berkeley, June, 1906.    Reversed.

Action by S. L. Crawford *et al.* against Atlantic Coast Lumber Corporation. From order dissolving temporary injunction, plaintiffs appeals.

*Messrs. J. O. Edwards, Thos. B. Curtis* and *W. A. Holman,* for appellants, cite: 69 S. C., 156; 22 S. C., 101; 51 S. C., 434; 54 S. C., 457; 52 S. C., 196; 67 S. C., 184; 54 S. C., 435.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* contra, cite: 69. S. C., 554; 75 S. C., 220; 32 S. C., 503; 51 S. C., 379; 11 Rich., 621; 12 Rich., 314; 13 Rich., 85; 22 L. R. A., 240; 2 Hill, 617; 2 DeS., 622; High on Inj., sec. 673; 99 Am. St. R., 748; 75 S. C., 220, 25 S. E., 458; 32 S. C., 503; 1 High. on Inj., 4 ed., secs. 34, 723; 35 S. C., 458; 54 S. C., 564; 58 S. C., 532.

May 2, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiffs, as heirs at law of P. C. Crawford, brought this action to enjoin the defendant company from cutting down timber and other trees on their land. A temporary injunction was granted by Judge Charles G. Dantzler on April 28, 1906, with leave to apply on due notice for a dissolution before him or any other Judge. Thereafter, on June 15, 1906, upon motion after due notice, Judge Ernest Gary granted an order dissolving the temporary injunction, stating his reasons therefor in these words:

"An inspection of the complaint shows that it is general in its allegation of irreparable injury by the mere cutting of timber trees, without any allegation showing that irreparable damages would arise, or such damage as could not be fully compensated for in an action at law. Further, there is no allegation of the insolvency of the defendant. These questions having been first raised by the defendant, as a reason why the injunction should not be continued, I do not think that the complaint makes out a case sufficient to warrant the

interference of a court of equity by the issuing of an injunction."

The plaintiffs appealed from this order on several exceptions which, however, raise the general question whether there was error in dissolving the temporary injunction on the grounds stated.

After the allegations as to the incorporation of the defendant company and the title of the plaintiffs to the land described therein, the complaint alleges:

"IV. That heretofore, on the 30th day of March, A. D. 1906, and on divers occasions since that date, the defendant, its servants and agents, have entered upon the above described tract of land, against the wishes and protests of the plaintiffs, and have committed waste thereon by cutting down the trees on said lands, and threatens to continue such depredations, and will continue to do so unless restrained by this honorable Court. That if the timber and trees be cut and removed from said lands, that the value of the property will be greatly diminished and impaired, and the plaintiffs will thereby suffer irreparable injury.

"V. That by reason of the acts of the defendant in cutting down the trees from the lands of the plaintiffs, as aforesaid, the plaintiffs have been damaged in the sum of ten thousand dollars.

"VI. That the plaintiffs have no adequate remedy at law against the defendants for such trespasses and acts above set forth, and will be driven to incessant and a multiplicity of suits at law as the means of redress for such wrong."

Where the action is for the sole purpose of an injunction and a temporary injunction is essential to the assertion and preservation of a legal right, if established as alleged in the complaint, it is error of law to refuse or set aside a temporary injunction. *Alderman* v. *Wilson*, 69 S. C., 159, 48 S. E., 85, and cases therein cited.

This, however, does not mean that a right to a temporary injunction follows automatically if the complaint states a cause of action, for the Court should consider the showing

made in opposition thereto and must determine, in view of all the circumstances, whether an injunction is reasonably essential to protect the legal right of the plaintiffs pending the litigation, subject to review by this Court. *Northrop* v. *Simpson,* 69 S. C., 554, 48 S. E., 613; *Marion County Lumber Co.* v. *Tilghman Lumber Co.,* 75 S. C., 221.

In this case there was no showing whatever made by defendant by way of answer, affidavits or otherwise, and the sole reliance for dissolution was the alleged insufficiency of the complaint. The solvency or insolvency of the defendant is not an important matter when the nature of the injury is such as to constitute it irreparable. It is only in cases where the injury may be adequately estimated and compensated in money that it may become material to inquire whether the trespasser is able to respond to a judgment at law for damages. The injury complained of in this case is the threatened destruction of the timber and trees on plaintiff's land, a permanent injury to the substance of their estate, and falls within the class of injuries generally deemed in equity to be irreparable. In such cases the remedy at law is not so speedy, full and complete as to exclude all necessity for equitable interference.

Where the trespasses committed and threatened are continuous in their nature, and are of frequent and constant recurrence, equity will interfere by injunction. *McClellan* v. *Taylor,* 54 S. C., 435, 32 S. E., 527; *Alston* v. *Limehouse,* 60 S. C., 559, 39 S. E., 188.

We regard the complaint as stating a *prima facie* case for injunction. It was therefore error to dissolve the injunction on the ground that the complaint stated no cause of action.

The order dissolving the temporary injunction is reversed and the temporary injunction granted by Judge Dantzler herein is restored.