## 7634

## HUTCHISON v. YORK COUNTY.

1. CONSTITUTIONAL LAW —CONDEMNATION —COUNTIES — HIGHWAYS.—In sections 1 and 20 of article IX of the Constitution, relating to condemnation of private property, counties are included in the terms "corporations" and "municipal corporations," and they are thereby exempt from the provisions applying to "corporations" in condemning rights of way for highways. Sections 1343, 1392 and 1393, of the Code of 1902, do not violate section 14 of article I of the Constitution, in that they authorize the county board of commissioners to ascertain and offer the owner compensation for the land wanted for highways.

2. INJUNCTION—COUNTIES—HIGHWAYS.—In order to restrain county officers from condemning lands for highways, the owner must show that they are about to abuse their discretion or act in bad faith or oppressively in changing the location of the road.

Before ERNEST MOORE, Special Judge, York, November, 1909. Affirmed.

Action by Kate J. Hutchison against York County, its supervisor and county board of commissioners. The Circuit decree is:

"On the 9th day of November, 1909, at chambers at Chester, S. C., an order was passed in this case refusing the temporary injunction prayed for by the plaintiff herein and reserving the right to state the reasons for such refusal in an order of later date.

"Pressure of other duties has heretofore delayed the passing of this order so stating such reasons, and it is now possible only to state the same in the briefest possible compass.

"This is an action seeking an injunction to restrain the defendants from further proceeding to condemn a right of way over plaintiff's land in the County of York, for the purpose of constructing a public highway over the same, pursuant to the provisions of sections 1343, 1392 and 1393, of the Civil Code of this State. The plaintiff seeks a tem-

porary injunction, *pendente lite,* upon several grounds, all of which appear to have been decided adversely to the contention of the plaintiff by the case of *Gilmer* v. *Hunnicutt,* 57 S. C., 172, 35 S. E., 521, except the two grounds herein below mentioned.

"The plaintiff claims that said sections 1343, 1392 and 1393, of the Civil Code, are in contravention of article IX, section 20, of the Constitution of this State, and therefore null and void, in that the State legislature of this State was without power or authority to authorize the county board of commissioners of the several counties of this State, to condemn lands for a right of way, and assess the compensation to be paid for the same, in the summary manner provided by said sections, and without the aid of a jury of twelve men; also that said sections are unconstitutional in providing that, in the ascertainment of the compensation to be paid by the county for such right of way, any special benefit of the landowner from the reversion of the old road to such landowner shall be taken into consideration.

"In other words, the plaintiff contends that section 20, of article IX, of the Constitution of this State, applies to the case of a condemnaion of a right of way over lands required by a county for the purpose of a highway, and therefore, that the statute here in question is unconstitutional in so far as it undertakes to provide for such condemnation without the aid of the jury of twelve men, and in so far as it provides for the ascertainment of the amount of such compensation by taking into consideration the benefits aforesaid to the landowner.

"The provisions of article IX, section 20, of the Constitution, are as follows: 'No right of way shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner, or secured by a deposit of money, irrespective of benefit from any improvement proposed by such corporation, which compensation shall be

ascertained by a jury of twelve men in a court of record, as shall be prescribed by law.'

"In section 1 of said article IX, it is provided that: 'The term corporation, as used in this article, includes all associations and joint stock companies having powers and privileges not possessed by individuals and partnerships, and excludes municipal corporations.'

"The plaintiff contends that a county is included in the term 'corporation,' as used in said sections of the Constitution, but that a county is not included within the terms 'municipal corporations' as used therein.

"It would seem, however, upon general principles of reasonable construction, that, if the term 'corporation,' as here used, is to be construed as including a county, then the phrase 'municipal corporations,' as there likewise used, should also be in like manner construed to include a county, for the reason that a county resembles a municipal corporation as nearly as it resembles any other corporation.

"As is said in 2 Cyc., 342, the weight of authority is to the effect that counties are not corporations in any true sense of the term, but at most, are merely *quasi* corporations having a corporate capacity only for specified ends. See also 28 Cyc., 128, 129. If, however, it could be considered that the framers of the Constitution had in view the counties of the State in using the term *corporations* in the sections of article IX above quoted, then it can and must with equal reason be concluded that they had counties in mind also when they made use of the phrase *municipal corporations* in the last section of said article above cited. As is said in 28 Cyc., 131: 'Counties and other like bodies, although not "municipal corporations" nor "municipalities" in the proper sense, must be considered as falling within such terms in a constitution, statute or other instrument, if such appears to be the intention.'

"It would seem that there could exist no reason for the exclusion of *municipal corporations proper* from the effect

of article IX, section 20, of the Constitution, which would
not also be of equal force with reference to counties. There-
fore, it must be concluded that the framers of the Consti-
tution contemplated the possibility of counties being con-
sidered as *corporations* within the meaning of the said
section 20 of article IX, they also intended them to be con-
sidered as *municipal corporations* within the meaning of
that phrase, as used in the first section of said article, and,
therefore, that they intended to exclude them, along with
municipal corporations proper, from the effect of the pro-
visions therein contained.

"This question was not considered in the case of *Gilmer* v.
*Hunnicutt,* 57 S. C., 166, 35 S. E., 521, for the Supreme
Court there says: 'We are not now to consider the effect of
the provision in article IX, section 20, of the present Consti-
tution;' and it was not considered only because the case there
arose under the Constitution of 1868. There is no intima-
tion of opinion in that case that a different conclusion would
have been reached if the question had arisen under the
present Constitution.

"As to the other objection made by the plaintiff, that
sections 1343, 1392 and 1393, of the Civil Code, are obnox-
ious to section 14 of article I, of the present Constitution,
upon the ground that an attempt is made by the statute to
clothe the county board of commissioners, 'one of the
parties' (as plaintiff contends) to such condemnation pro-
ceedings, with authority to sit in judgment in its own
cause, it is sufficient to say that this is not the cause of
the county board of commissioners, of the County of York,
but the cause of the County of York itself. Furthermore,
it is to be noted that the statutory provisions in question,
even if they could be considered as making the board judges
in any sense, certainly do not constitute the board the final
judges of the matter in controversy, but merely directs that
the members thereof shall ascertain the amount of com-
pensation to be paid or offered by the county for the use

of such land as a public highway. In effect, it is provided that when the amount of the just compensation to be paid by the county is ascertained as therein required, that amount shall be tendered by the county board of commissioners to the owner of the land, and that, unless the same is rejected by such owner by written notice given within ten days thereafter, such amount shall be deemed as accepted as the just compensation to which the owner is entitled. It is evident from the provisions of the statute that the board of county commissioners do not act in a judicial capacity in making this assessment any more than they act judicially in passing upon any other claim against the county.

"It is true that the terms used in the statute are that 'any person interested may appeal to the Court of Common Pleas' within ten days, but, as the trial in that Court is *de novo,* under the provisions of the statute, it is evident that the word 'appeal,' as there used, is equivalent to a provision that, in case any party is dissatisfied with the amount proposed to be paid, he shall be entitled to a determination by a jury in the Court of Common Pleas of the amount to which he is entitled as compensation for the land so taken for a public highway.

"These conclusions dispose of all the questions made before me upon the application for a temporary injunction. Other cases might be cited, if time permitted, to sustain the conclusions already reached, but pressure of other matters prevent further citation of authorities.

"No question was made before me as to the effect of the provisions contained in 23 Stats., 1,000, no reference having been made to said statute by either side in the argument, and I have not deemed it necessary to consider whether or not there are any changes thereby made in the provisions of sections 1392 and 1393, of the Civil Code. A hasty examination of said statute does not disclose any requirement therein contained in any way affecting the question here presented.

"For the reasons above stated, the order refusing the motion for a temporary injunction herein has already been granted."

Second order by same Judge refusing temporary injunction on amended complaint, January 7, 1910.

"The plaintiff has renewed her motion herein for a temporary injunction on her amended complaint, verified of her own knowledge.. Notice of this motion and the amended complaint were duly served on the defendants.

"The. amendments consist of additions to the 4th and 6th paragraphs of the original complaint. The additions to the 4th paragraph set forth that it is practicable to make an efficient highway out of the old one at very little, if any, greater expense than to open and establish the proposed new highway, and that there is no necessity for such new highway; and the additions to the 6th paragraph set forth, substantially, that if defendants are permitted to take her property in the manner described in the complaint, she will be deprived of her constitutional right to the equal protection of the laws in not having an impartial tribunal to assess her damages.

"Being of the opinion that no question has been raised by this renewal of the plaintiff's motion for an injunction, based on her said verified amended complaint, that has not already been passed upon in my previous order relating to this matter, I must hold that the plaintiff is not entitled to the relief asked for and that her motion for temporary injuncion must be refused, and it is so ordered.

"This motion was made before me as a chambers motion, at Yorkville, S. C., in November, 1909, while I was performing the duties of Special Presiding Judge, of the Sixth Circuit, and my decision was then reserved until I could have an opportunity to consider the matter to make this order."

26—86

"Plaintiff appeals on the following exceptions:

1. "Because of error in holding that the defendant, York County, in its attempt to condemn plaintiff's land for use as a public highway, is not controlled and governed by article IX, section 20, of our present State Constitution.

2. "Because of error in holding that the term 'corporation,' as used in article IX, section 20, and as defined in the same article, section 1, of the Constitution, does not include a county, and that counties are excluded under said article IX, section 1, as 'municipal corporations.'

3. "Because of error in not holding that sections 1343, 1392 and 1393, of volume I, Civil Code of 1902, under which the defendants are proposing to take plaintiff's property for a public highway, are in contravention of article I, sections 5 and 17, of our State Constitution, in that they would authorize the county boards of commissioners of the several counties to take the property of the citizens without due process of law.

4. "Because his Honor erred in not construing article I, section 17, and article IX, sections 1 and 20, of our State Constitution, together, and not in holding the meaning of these constitutional provisions, when so construed, to be that no corporation, whether public or private—municipal corporations excepted—shall have the right to take private property for public use except in the manner prescribed in article IX, section 20, of said Constitution.

5. "Because of error in not holding that the legislative provisions in question are in violation of article I, section 14, of the Constitution, and null and void, in that they attempt to clothe York county and its board of commissioners with legislative, executive and judicial functions, with respect to the single subject of the condemnation of land.

6. "Because of error, holding that the county board of commissioners are not, or would not be, acting in a judicial capacity in ascertaining the damages to be paid to the

plaintiff for taking her property, and for error, holding, in the same connection, that said commissioners are not, or would not be, parties to said condemnation proceedings, sitting as judges in their own cause, contrary both to general law and public policy.

7. "Because of error in not holding that the board of county commissioners, of York county, is itself a *quasi* public corporation, and within the provisions of article IX, section 20, of the Constitution.

8. "Because of error in holding, in effect, that the legislative provisions in question are not unconstitutional because the landowner may avail herself of her constitutional right to trial by jury by appealing to the Court of Common Pleas under the said provisions.

9. "Because of error in not construing article IX, section 20, of the Constitution, to mean that where private property is taken for public use, the compensation to be paid therefor must be determined in the first instance by a jury of twelve in a court of record, and not by driving the landowner to the cumbersome, dilatory and expensive process of an appeal to secure his or her rights.

10. "Because, even if it be held that the constitutional rights of the landowner may be saved in legislation of this kind by a provision for an appeal, it is respectfully submitted that the act in question, as passed in 1900 (23 Statutes at Large, 286), and as amended in 1902 (23 Statutes at Large, 1,001), is unconstitutional and void, for the reason that the right of appeal is fettered and burdened with unreasonable and unjust conditions and limitations, the original act attaching to the right of appeal the condition of payment of costs and disbursements unless a more favorable decision is had in the appellate court, and the amended act providing that the landowner shall pay the costs and disbursements of such appeal and incur the peril of a judgment therefor, unless such landowner shall recover twenty

per cent. more on appeal than the amount fixed by the county board.

11. "Because plaintiff's original and amended complaints (each) put in issue the *necessity* for the condemnation of her land for a right of way, and it is respectfully submitted that this was a judicial question to be determined upon the facts, and that his Honor erred in refusing a preliminary injunction until this question could be judicially ascertained.

12. "Because the acts in question are in violation of both the letter and spirit of the Constitution and contrary to the law of the land as well as against public policy, in not providing an impartial tribunal to assess the damages to the landowner in the exercise of the State's right of eminent domain."

*Mr. Wm. J. Cherry,* for appellant, cites: *County is a corporation:* sec. 9, art. VII, Con.; Code, 1902, 529, 2020, chap. 49; 1 Abb. Mun. Corp., secs. 5, 12, 19, 23; 7 Ency., 903; 25 S. C., 264. *Constitutional provisions embrace all corporations except municipal:* Con., art. IX, secs. 1, 20; 66 S. C., 440; 7 Ency., 976; 1 Speer., 220; 14 S. C., 424; 36 S. C., 134. *Acts are unconstitutional in not providing impartial tribunal to assess damages:* Cool. Con. Lim., 695; 11 Pet., 420; Elliott on Roads and Streets, secs. 272, 279, 281, 317, 306; 36 Miss., 300; 148 U. S., 327. *Provision for appeal does not save constitutional rights of owner:* 57 S. C., 323; 21 Ia., 153; 84 Ill., 361; 127 U. S., 450; 38 L. R. A., 239; 15 L. R. A., 443; Elliott R. & St., 281, 284; Cool. Cons. Lim., 692; *and unreasonably restricts his rights:* 2 Dill. Mun. Corp., sec. 618; Elliott on R. & St., 281; 23 Stat., 1001; Cool. Cons. Lim., 691, 648. *Preliminary injunction should have been granted:* 38 S. C., 308; 59 S. C., 371; 67 S. C., 93; 54 S. C., 457; 75 S. C., 220; 9 Rich., 228; Elliott on R. & Sts., 1849; 2 Abb. Mun. Corp., 1849.

*Mr. W. B. Wilson, Jr.,* contra, cites: *County is not included in term corporation in sections 1 and 20 of article IX, of Constitution:* 7 Ency., 903; 25 Am. R., 730. *Amount of compensation is to be determined by the Court, and not by the commissioners at instance of landowner:* 57 S. C., 323. *Act already done should not be restrained:* 57 S. C., 172.

July 20, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The judgment of the Circuit Court herewith reported, together with the exceptions thereto, should be affirmed for reasons therein stated.

While the Judge hearing the application does not try the case upon its merits, it is incumbent upon plaintiff to make out a *prima facie* case that temporary injunction is reasonably essential to protect his rights.

Temporary injunction does not follow automatically when the complaint states a cause of action. *Northrop* v. *Simpson,* 69 S. C., 554, 48 S. E., 613; *Marion Company* v. *Tilghman Co.,* 75 S. C., 221, 55 S. E., 337; *Crawford* v. *Lumber Corporation,* 77 S. C., 83, 57 S. E., 670.

If plaintiff's *prima facie* case depends upon allegations that a statute is unconstitutional, the Judge hearing the application must consider that matter in determining the reasonable necessity for temporary injunction, and if he holds the statute valid the necessity is not made to appear. The question is one of law, in which the presumption is in favor of the validity of the statute. In order to reverse the refusal of temporary injunction in such a case, this Court must review the constitutional question.

In *Riley* v. *Union Station Co.,* 67 S. C., 84, 45 S. E., 149, the Judge hearing the application for injunction did not consider the constitutional question, hence there was no basis for a review of that matter by this Court, but in that case the Circuit Judge held that there was no *prima*

*facie* showing that the lands proposed to be condemned were not necessary for the construction of the proposed Union station, and this Court reversed the order of refusal upon the grounds:

1. Because the statute did not furnish an adequate remedy when the *right* to condemn was in issue.

2. Because the allegations of the fact made a *prima facie* case showing that injunction was necessary to preserve plaintiff's rights.

In that case there were allegations showing that the taking of the proposed land would prevent plaintiff from further use and occupation of her home, and would destroy an established industry and business thereon to her irreparable injury, and that the taking of the property was not necessary, but oppressive.

After trial upon the merits, *Riley* v. *Union Station* was again appealed to this Court, 71 S. C., 482, 51 S. E., 485, and this Court held: "That the grantee of the power to condemn must not abuse the discretion confided by the legislature and spoliate a private property by taking for pretended public use more than a reasonable necessity requires. We find no abuse of discretion or bad faith in defendant's proposal to condemn plaintiff's property, and the general rule is that if there be no bad faith or abuse or discretion on the part of the grantee in the matter of location, his discretion will not be intefered with."

From this it appears that in order to prevent a mere *quasi* public corporation organized for private gain, authorized by law to condemn land, from proceeding to condemn what it decides to be necessary, it must be shown that there was abuse of discretion or bad faith in the location and selection of property to be condemned.

But we are dealing now with a strictly public corporation which seeks merely an easement over plaintiff's land for strictly public use. The danger of oppression or spolia-

tion of private property for gain is very slight, if any. Hence there is greater reason in this case to require a showing that the public officers are about to abuse their discretion or act in bad faith, or oppressively, in changing the location of the old road.

The statute, section 1343, volume I, Code of Laws, as well as the act of February 26, 1902, p. 998, authorizes the county board of commissioners to "open new public roads and widen or change the location of old public roads where, in their judgment, such change would be for the material interests of the traveling public. They may obtain the right of way by gift or purchase, or they may condemn the land therefor and assess the compensation and damages therefor, as hereinafter provided."

The statute thus plainly confides the matter of determining the necessity for the new road or alteration of the old road to the judgment and discretion of the commissioners, and the complaint shows that the commissioners have determined that the proposed change in the old road will be material for the interests of the traveling public.

The original and amended complaint contained this allegation that might be regarded as having some bearing: "That there is at present, and has been for a number of years, a public highway extending through plaintiff's said plantation, connecting the same communities that are proposed to be connected by the said proposed highway, which present highway, according to the best knowledge, information and belief of plaintiff, is as convenient and affords as short a route to the traveling public of the neighborhood as would this proposed new road."

The amended complaint contains this additional allegation: "That, according to her best knowledge and belief, it is entirely practicable to make the said established highway into a highly improved and wholly efficient highway at very slightly, if any, greater expense to the county than will be required for the opening and establishing of said proposed

new highway, and she charges that there is no necessity for such new highway."

There is no allegation showing abuse of discretion, bad faith or oppression. It is greatly in favor of the new road, that it may be opened and established at an expense not exceeding what would be necessary to repair and improve the old road, and it may well be inferred that the future cost of maintenance would be greatly in favor of the new road, and it may be that the new road would be safer than the old. Moreover, the commissioners are to consider what is the material interest of the "traveling public," a much broader scope than the "traveling public of the neighborhood," to which the allegation of the complaint is confined. There is nothing to show that the commissioners did not in good faith consider and determine the matter with a view to the material interests of the traveling public, as required by the statute. Furthermore, there is nothing in the complaint to show that the mere work of laying out and constructing the new road would entail irreparable damage to plaintiff's land, and if on the trial of the case on its merits, the Court should enjoin the new and restore the old road, for all that appears, plaintiff would be restored to her alleged rights, the loss of construction, etc., falling upon the county. *Northrop* v. *Simpson,* 69 S. C., 554, 48 S. E., 613.

The exceptions should be overruled, and the order of the Circuit Judge affirmed.

MR. JUSTICE GARY *concurs in the result.*