7888

WILLIAMS v. HAILE GOLD MINING CO.

THE INJUNCTION as determined by this Court on the former appeal is to restrain the defendant from discharging into the stream flowing through plaintiff's lands tailings from the chlorinating process.

Before PRINCE, J., Kershaw, May, 1910. Modified.

Action by Emma E. Williams against the Haile Gold Mining Co. Defendant appeals.

*Messrs. E. D. Blakeney* and *Thos. J. Kirkland,* for appellant.

*Mr. J. Harry Foster,* contra.

May 1, 1911.   The opinion of the Court was delivered by

Mr. Justice Hydrick.   The sole point made by this appeal is that the perpetual injunction granted by the Circuit Court exceeds the plaintiff's right of injunction as determined by this Court on the former appeal.

The Circuit Court enjoined the defendant "from emptying any chlorinated water or any harmful and poisonous discharges from said chlorination mill into the waters of the said Mine Branch and said Little Lynch's Creek, and 'that the plaintiff have the right to have the waters of the streams flow through her lands unpolluted, so that the cattle in her pasture will drink thereof.' "

The effect of the decision of this Court on the former appeal (85 S. C. 1, 66 S. E. 117) was to limit plaintiff's right of injunction to the tailings which had been affected by the chlorinating process. In disposing of appellant's contention that the Circuit decree did not clearly define the scope of the injunction which it held should be granted, this Court, after quoting from the Circuit decree, said: "This language of the Circuit decree, in view of the fact that the record shows that the real contest in the Circuit Court was as to the injurious effects of the tailings from the chlorination process, must be construed as enjoining only the discharge from the chlorination mill; and the questions whether the tailings which were not subjected to the chlorinating process were or were not injurious to the plaintiff's land, and whether the defendant has acquired a prescriptive right to discharge such tailings into the stream, are left open."

On the former appeal, defendant contended that, as plaintiff's lands had been completely ruined for agricultural purposes, and as she had recovered full damages for all injury

done to them up to the date of the verdict, the defendant should not be enjoined from further discharging the tailings in question into the streams, because all the damage that could be done had already been done and plaintiff had been fully compensated for it. In response to the contention the Court said: "Observation and experience teach us that nature is a wonderful restorer. It is altogether probable that in the course of years the plaintiff's lands, which have been so injured as to be thought by some of the witnesses to be ruined, will be restored to fertility by the processes of nature. But, be that as it may, they belong to the plaintiff, and the defendant has no right to continue its trespass thereon. The plaintiff has the right to have the waters of the stream flow through her land unpolluted, so that the cattle in her pasture will drink thereof, and the testimony tends to show that stock will not drink of the water when polluted by the tailings in question."

Now, the plaintiff contends that the last sentence above quoted warrants the injunction granted by the Circuit Court. But it does not; for it must be remembered that the language above quoted was used in disposing of the defendant's contention above stated as to the legal rights of the parties under the facts then established by the verdict, and after it had been distinctly held that the questions as to the injurious effects of other tailings and the prescriptive right to empty them into the streams were left open. Moreover, the last words of the last sentence, viz.: "and the testimony tends to show that stock will not drink of the water when polluted *by the tailings in question*" show clearly that the Court had in mind only the tailings from the chlorination mills, which it had been determined defendant had no right to empty into the streams.

The order of the Circuit Court must be modified so as to enjoin defendant from emptying into the streams flowing through plaintiff's lands only tailings which have been affected by the chlorinating process; because, even if there

are other tailings from defendant's mining operations which do pollute the waters so that plaintiff's cattle will not drink thereof, the question whether defendant has acquired the right by prescription to discharge such tailings into the said streams has been expressly left open.

Modified.

MR. CHIEF JUSTICE JONES *did not sit in this case.*