8305

WILLIAMS v. JONES & AMERMAN, RECEIVERS.

1. INJUNCTION.—The order appealed from is construed to be only a temporary restraining order which is all a Judge should grant at chambers.

2. IBID.—In passing on a motion for temporary injunction at chambers the Judge should not consider the merits and defenses, except so far as is necessary for him to decide whether plaintiff has made a *prima facie* showing. Here the Judge properly granted a temporary injunction notwithstanding the plea of *res judicata.*

MR. JUSTICE HYDRICK, *with whom concurs* MR. JUSTICE WOODS, *thinks the pleas of res judicata and the pendency of another action required the refusal of the motion.*

Before GAGE, J., Lancaster, June, 1910.   Affirmed.

Action by Emma E. Williams against Charles D. Jones
and Leonard V. Amerman, as receivers of the Haile Gold
Mining Company.   Defendants appeal.   The following
statement and the dissenting opinion give the facts of the
case:

"This action of Emma E. Williams, plaintiff, against
Chas. D. Jones and Leonard Amerman, as receivers of the
Haile Gold Mining Company, defendants, was commenced
by service of summons and complaint on the          day of
May, 1910, at which time also was served upon the defend-
ants an order of his Honor, Geo. W. Gage, dated April 30,
1910, requiring the defendants to. show cause before him
why they should not be perpetually enjoined, as receivers of
the said gold mining company, 'from operating and dis-
charging acidulated or chlorinated water, or other harmful
substances, into the waters of the Mine Branch and waters
of Little Lynch Creek, * * * and from trespassing and
damages to the plaintiff, and to abate the nuisance found to
exist in the case of Emma E. Williams, plaintiff, against
Haile Gold Mining Company, defendant.'   Accompany-
ing the complaint and order were exhibits, consisting of the
pleadings and judgments of the Circuit and Supreme Courts
in the case of Emma E. Williams, plaintiff, against the
Haile Gold Mining Company, defendant, which had been
tried at the fall term of the Circuit Court for Kershaw
county, 1908.

"The respondents, Jones and Amerman, receivers, in their
return to the rule to show cause, set up for cause that the
complaint and exhibits thereto attached showed, upon their
face, that the plaintiff's rights, in respect to the matters
therein alleged, had been fully adjudicated and determined
in the previous case of Emma E. Williams against Haile
Gold Mining Company, above referred to, as also the extent
of the remedy to which the plaintiff was entitled; and that

the receivers, being in privity with the defendant in the pre-ceding suit, having been appointed subsequent to the judg-ment therein, were amenable to no new action for the same causes complained of in said previous action, but only to the administrative process of the Court for enforcing the remedy already granted to the plaintiff.

"The respondents further set up that application was then pending before his Honor, Judge Prince, in the said pre-ceding case of Williams against Haile Gold Mining Com-pany, for an administrative order restraining the defendants in conformity with the terms of the decree of the Supreme Court therein.

"Pending the hearing of this return Judge Prince filed an order of injunction in the case of Emma E. Williams against Haile Gold Mining Company.

"Judge Gage, in passing upon the return to the rule to show cause in the case at bar, overruled the defendants' return, expressing, however, serious doubt about the plain-tiff's right to maintain this action and requiring the plaintiff to give bond. The defendants have appealed to this Court upon exceptions, which are, in substance, a reassertion of the grounds taken by the defendants in their return to the rule to show cause.

"The action of Emma E. Williams against Haile Gold Mining Company was for recovery of damages for injury to defendant's land, alleged to have been caused by the dis-charge of mineral and chemical substances into the waters of the Mine Branch by the defendant in the course of its mining operations. The present action, according to the plaintiff's contention, is substantially and practically for the same cause against defendants, who are in privity with the defendant in the preceding suit, and there is apparent from the records a virtual identity between the causes of action in the two cases. The defendants contend that *res judicata* being obviously apparent on the face of the pleadings and the record, and the plaintiff having a full remedy through

process of the Court in the preceding suit, has no cause of action in the case at bar, nor any right to process therein."

*Messrs. E. D. Blakeney* and *Thos. J. Kirkland,* for appellants, cite: *Application for permanent injunction should not be heard at chambers:* 9 S. C. 303; 1 DeS. Eq. 137. *Res judicata:* 5 Rich. Eq. 531; 38 S. C. 138; 24 Ency. 746-780.

*Mr. J. Henry Foster,* contra, cites: *Circuit Judge at chambers could not sustain a plea of res judicata:* 28 S. C. 201; 19 S. C. 294; 85 S. C. 245; 53 S. C. 106; 86 S. C. 395.

August 27, 1912. The opinion of the Court was delivered by

MR. FRANK L. BYNUM, *Acting Associate Justice.* This case comes up to this Court on appeal from an interlocutory or preliminary injunction issued by Judge Gage on June 20, 1910, on the following exceptions, viz.:

1. "That his Honor erred in holding that leave to sue was granted by any Court of competent jurisdiction, so far as appears by the complaint, and in holding, by implication, that mere permission granted to plaintiff 'to commence and maintain this suit, as she may be advised,' without notice to defendant, in anywise precluded consideration of the adequacy of these pleadings to support a cause of action or injunction, as it does not follow that the Court granting leave 'to commence this suit,' predetermined that any complaint the plaintiff might be advised to frame would suffice to constitute a cause of action, be immune from any plea apparent on its face, or that it would support an injunction temporary or otherwise..

2. "That his Honor erred in holding that in considering the rule and return herein, he could not consider whether or not the plea of *res judicata* was established upon the face of the complaint, and exhibits submitted therewith; whereas, he should have held the same showed an adjudication upon

the very acts complained of in another suit, to which the parties herein were privy, and that a motion for permanent injunction, based upon practically identical cause of action and allegations, was pending in such other suit, and should have consequently refused the application for injunction in this case.

3. "That his Honor erred in holding the return irrelevant in showing the pendency of a motion in another jurisdiction for the same injunction sought in the present motion, and in not discharging the rule and refusing the motion after it appeared that the order of Judge Prince referred to had been granted."

In order that there may be a clear understanding of the matters herein presented, the "case" for appeal herein, except Exhibit "F," which is the opinion of this Court, reported in 85 S. C. 1, should be incorporated in the report of this case.

We will first consider the proposition urged by the defendants in the fourth clause of their return to the rule to show cause issued by Judge Gage on April 30, 1910, in this matter, wherein the defendants took the position that Judge Gage had no jurisdiction at chambers, without consent, to grant a permanent injunction upon the merits before trial of the issues in this action. This proposition is not included in the exceptions of the defendants, but it is proper for this Court to consider it. It is true that this order required the defendants to show cause why they should not be "perpetually enjoined and restrained," etc. But this appeal cannot be sustained on the ground that Judge Gage undertook to grant at chambers a permanent injunction decisive of the case, for the order appealed from herein shows on its face that it is not permanent, but only a temporary injunction pending the hearing of the cause on its merits, and that the motion therefor was so treated,—Judge Gage using the following language in said order, viz.: "Just now the motion is for a temporary

order of injunction of the nuisance to stand until the issues shall have been tried." And quoting from another part of said order wherein the Judge required the plaintiff to give bond "conditioned to save the defendants harmless in the event of a failure of the plaintiff's action." In addition to this, we fail to find any objection made by the defendants on this ground to the issuance by Judge Gage of a temporary injunction. The order appealed from is only a temporary injunction until the case is heard on its merits, and this is all it purports to be.

All of the other questions raised by the defendants-appellants in their said return, and exceptions, are collateral issues or matters of defense, involving the merits of the case, which Judge Gage could not consider except in so far as he may have done so in reaching the conclusion as to whether the plaintiff was entitled to the temporary injunction appealed from herein.

"Where it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff, * * * a temporary injunction may be granted to restrain such act." Quoted from section 240, volume II, of the Code of Laws of South Carolina, 1902.

The sole object of this section of the Code is to preserve the subject of controversy in its then existing condition, and without determining any question of right, merely to prevent a further perpetration of wrong or the doing of any act whereby the right in controversy may be materially injured or endangered, until a full and deliberate investigation of the case is afforded to the party.

In passing upon an application for an interlocutory or preliminary injunction the Court must satisfy itself, not that the plaintiff has certainly the right, but that he has a fair question to raise as to the existence of such a right.

It is true that the Court will not interfere if it thinks there is no real question between the parties; but seeing that there is a substantial question to be decided, it will preserve the property until such question can be disposed of.

The plaintiff may be entitled to a preliminary injunction in cases where his right to the relief sought may fail on a hearing on the merits.    Am. & Enc. L., vol. XVI, p. 345.

Under the decisions of our Court it is not proper for a Circuit Judge to consider the merits of a case of this kind at chambers on a motion for a temporary injunction, except in so far as they may enable him to come to a proper conclusion as to whether a *prima facie* showing has been made. When such showing is made a temporary injunction will be granted without regard to how the case may terminate on the hearing on the merits.

Our Courts hold that where the action is for the sole purpose of an injunction, and a temporary injunction is essential to the assertion and preservation of a legal right, if established as alleged in the complaint, it would be error of law to refuse a temporary injunction.    *Alderman & Sons Co.* v. *Wilson,* 69 S. C. 156, 48 S. E. 85, and cases therein cited.

Ordinarily, however, an interlocutory injunction is not a matter of right, but of grace, resting in the sound discretion of the Judge.    *Pelzer, Rodgers & Co.* v. *Hughes,* 27 S. C. 415, 3 S. E. 781.

And we do not see that Judge Gage committed any error of law, or abused his discretion, in granting the temporary injunction herein appealed from.

For these reasons the exceptions of the defendants are overruled, and the order of Judge Gage herein appealed from sustained.

MR. CHIEF JUSTICE GARY *concurs.*

MR. JUSTICE HYDRICK, *dissenting.* A short history of the litigation between the plaintiff and the Haile Gold Mining Company will be necessary to a clear understanding of this case.

On May 1, 1907, plaintiff brought an action against the Haile Gold Mining Company for damages and injunction,— damages for injury to her land, caused by said defendant's discharging into the streams which flow through it the tailings from its mining operations, which polluted the waters, and, when thrown upon the land, in times of freshet, destroyed its fertility,—and injunction to prevent the continuation thereof.

The verdict of the jury established the fact that the acts of the defendant constituted a nuisance, and plaintiff recovered a judgment for damages. Thereupon, the Court, his Honor, Judge Gage, presiding, held that the nuisance established consisted of discharging into the streams tailings from the company's mining operations which had been affected by the chlorinating process in extracting the gold from them, and he held that plaintiff was entitled to an injunction to stop the nuisance so established. On appeal, that judgment was affirmed; and the questions, whether tailings which had not been subjected to the chlorinating process were or were not injurious to plaintiff's land, and whether the company had acquired a prescriptive right to discharge such tailings into the streams were left open. 85 S. C. 1, 66 S. E. 117. On March 23, 1909, while that appeal was pending in this Court, the defendants in this action were appointed receivers of the Haile Gold Mining Company, with authority to carry on the business of the company. When the case of *Williams* v. *The Haile Gold Mining Company* went back to the Circuit Court, that Court, his Honor, Judge Prince, presiding, on motion of plaintiff's attorneys, granted a permanent injunction which was broader in its scope than had been indicated by the previous order of Judge Gage. On appeal, Judge Prince's order was modified so as to make it

conform to the injunction which Judge Gage had held the plaintiff entitled to.   88 S. C. 522, 71 S. E. 26.

After the motion before Judge Prince had been heard, and while he had the matter under advisement, plaintiff commenced this action against the receivers.   As defendants have interposed the plea of *res judicata* and the pendency of the action above mentioned as a bar to this action, it will be necessary to state the substance of the complaint, in order that the sufficiency of the pleas may be determined.   Omitting formal allegations, the complaint recites the proceedings in the former case, and the pleadings, order for injunction and the opinion of this Court are attached as exhibits.   Plaintiff further alleges, in substance, the insolvency of the Haile Gold Mining Company, the inadequacy of her remedy at law, and irreparable injury, resulting from the conduct of the defendants in continuing to discharge into the streams which flow through her land the tailings from their mining operations, because the same are charged with mineral or chemical matters which pollute the waters, so that the cattle in her pasture will not drink thereof, and destroy the fertility of the soil, when cast thereon by recurring freshets, so that about forty acres of her land have been greatly injured, and the injured boundary is rapidly extending on account of the continuance of the nuisance; that but for the continued discharge of acidulated and chlorinated tailings into said streams, she could and would adopt measures for the restoration of her lands lying thereon, and they would soon be restored to fertility and become valuable, whereas they are now worthless.   The relief prayed for is that defendants be restrained "from further letting loose or emptying into the said Mine Branch or Little Lynches Creek any acidulated water, chlorinated water, or any other detritus, substance, or chemicals from its mining operations or plant, so that said waters of said streams may be free from said poisonous or harmful substances, and that said waters may have only the flow which naturally belongs

thereto, and that the said receivers, their servants or agents, be further enjoined and restrained from committing any acts whereby plaintiff's rights may be damaged, impaired or injured, or interfered with, by the manner and means herein set out."

Upon the verified complaint Judge Gage issued a rule, returnable at chambers, requiring defendants to show cause why the injunction prayed for should not be granted. For cause, defendants alleged: 1. That plaintiff had not obtained leave of Court to sue them; 2. That it appeared from the complaint and exhibits that the matters which plaintiff seeks to litigate are *res judicata;* 3. That a motion was then pending before Judge Prince in the other case, in which plaintiff could obtain all the relief to which she was entitled; 4. That the Court had no jurisdiction to grant a permanent injunction at chambers. His Honor overruled the return and granted an order restraining defendants, until the hearing on the merits, "from casting upon the plaintiff's lands any sulphides, tailings, acids, or chemicals which may be hurtful to lands or to vegetation."

The exceptions assign error in overruling the grounds of the return. As the complaint alleges that the suit was commenced by leave of the Court and exhibits the order granting leave, and as the injunction granted at chambers was only temporary, the first and fourth grounds were properly overruled.

The controlling questions in the case are whether the matters sought to be litigated in this action are *res judicata,* and whether the pendency of the other action is a bar to this. These grounds required refusal of plaintiff's motion. It will be noticed that plaintiff does not sue, in this action, for damages which have accrued since the rendition of the verdict in the other action. She sues only for injunction. If the tailings, whose discharge into the streams she seeks, in this action, to enjoin, were effected by the chlorinating process, the injunction which she seeks has been granted

in the other case and the matter is *res judicata.*   *Hart*
v. *Bates,* 17 S. C. 35.   If they are not of that char-
acter, then the questions whether they were and are injuri-
ous to her lands or not, and whether the defendants
have the right by prescription to discharge them into the
streams were expressly left open in the other case, and either
party has the right to have those issues tried by a jury in
that case.   The defendants are privies in estate with the
Haile Gold Mining Company, and they are concluded by the
judgment in the other case.   It appears, therefore, that
another action is pending between the same parties, or their
privies, for the same cause, and that action is a bar to this.

Respondent contends that the points made by the return
should have been raised by demurrer or answer, and, not
having been so raised, they were waived.   Defendants had
twenty days, after service of the complaint, within which
to answer or demur, as the rule required them to show cause
in less time than the law gave them to answer or demur,
they had the right to raise any point by return which they
could have raised by demurrer or answer.

His Honor held that he could not determine the plea of
*res judicata,* because "if that plea should be sustained now,
it would be equivalent to finally determining the action now
on a motion.   That ought not to be done and cannot be
done."   If his Honor meant that he could not *finally decide*
the question on a motion, at chambers, he was correct; but if
he meant that he could not *consider* that plea in reaching a
correct conclusion as to whether the motion ought to be
granted or refused, he was in error.   While a Judge, at
chambers, cannot *finally decide anything* as to the merits, he
can and, of necessity, must often look into the merits,
whether they present issues of law or of fact, and *consider*
them to the extent necessary to enable him to wisely exer-
cise the discretion vested in him.   In *Sease* v. *Dobson,* 34
S. C. 345, 13 S. E. 530, the second syllabus, which cor-
rectly states the point decided, is as follows: "A Circuit

Judge has the right to refuse an injunction, and such refusal is not a decision on the merits, even though he base his decision upon a ground which would be decisive of the case if so held at the hearing on the merits; but if his refusal is rested upon an erroneous proposition of law, it may be corrected by appeal." In *Crawford* v. *Lumber Co.,* 77 S. C. 88, 57 S. E. 670, the Court said that even if the complaint states a cause of action for injunction, a temporary injunction should not follow automatically, "for the Court should consider the showing made in opposition thereto, and must determine, *in view of all the circumstances* (italics added) whether an injunction is reasonably essential to protect the legal right of the plaintiffs pending the litigation, subject to review by this Court." In *Hutchison* v. *York,* 86 S. C. 405, 68 S. E. 577, the Court said: "If plaintiff's *prima facie* case depends upon allegations that a statute is unconstitutional, the Judge hearing the application must consider that matter in determining the reasonable necessity for temporary injunction, and if he hold the statute valid, the necessity is not made to appear. The question is one of law, in which the presumption is in favor of the validity of the statute. In order to reverse the refusal of temporary injunction in such case, this Court must review the constitutional question."

For the foregoing reasons, the judgment of the Circuit Court should be reversed.

MR. JUSTICE WOODS *concurs.*

MESSRS. JUSTICES WATTS *and* FRASER *did not participate in this hearing.*