8443

ALSTON v. BOARD OF HEALTH OF THE CITY OF
CHARLESTON.

1. CITIES AND TOWNS—BOARDS OF HEALTH.—A city council has no authority by ordinance to annul a resolution of the board of health.

2. BOARDS OF HEALTH—DAIRIES—JURISDICTION.—The board of health of the city of Charleston has authority to require by resolution all dairies removed beyond the city limits, and the Courts have no jurisdiction to review its action so long as it is not arbitrary or capricious.

3. INJUNCTIONS.—A Circuit Judge in determining whether a temporary injunction should be granted may consider the showing made by the defendant along with that of the plaintiff.

Before MEMMINGER, J., Charleston, July, 1912. Affirmed.

Action by Susan B. Alston and Mary R. Alston against the Board of Health of the City of Charleston. Plaintiffs appeal.

*Messrs. Ficken, Rivers & Erckman,* for appellants, cite: *City council is superior to the board of health:* 33 S. C. 56; 38 S. C. 495; 83 S. C. 379; Code 1912, 1463, 1464. *Powers of the board:* 78 S. C. 348. *Dairy not a nuisance:* 39 S. E. R. 193. *Temporary injunction should have been granted:* 54 S. C. 473; 84 S. C. 51; 75 S. C. 220; 86 S. C. 160; 69 S. C. 544; 87 S. C. 566; 88 S. C. 248.

*Mr. Wm. Henry Parker,* contra, cites: *Power of the board as to nuisances:* Code 1912, 1463, 1449; 83 S. C. 376. *Previous permit does not deprive board of power to remove:* 92 S. C. 374; 83 S. C. 376. *As to the law of the case:* 83 S. C. 380.

March 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   On May 23, 1912, the board of health of the city of Charleston passed a resolution requiring all dairies in the city to be closed on or before July 1, 1912.

Plaintiffs, who were conducting a dairy within the city, brought this action to enjoin the board from enforcing the resolution.   On plaintiffs' motion, Judge Memminger ruled the board to show cause why it should not be enjoined, and granted a preliminary restraining order, pending the hearing of the return.   On hearing the return, his Honor found that plaintiffs had failed to make out a *prima facie* case, entitling them to an injunction, until the case could be heard on the merits.   From his order, refusing their motion, plaintiffs appealed.

As the city council undertook, by resolution, to nullify the action of the board of health, the first question to be decided is: Which of these bodies has superior authority in the premises?   Under the Constitution and statutes, boards of health derive their powers directly from the legislature, and not from the municipalities.   *Kirk* v. *Board*, 83 S. C. 372, 65 S. E. 387.   Therefore, council was without power to nullify the action of the board of health.

Sections 1451 and 1463 of the Civil Code of 1912, confer ample authority on the boards of health to make and enforce all needful rules and regulations to prevent the introduction and spread of infectious or contagious diseases, and generally to make all such regulations as they shall deem necessary for the preservation of the public health, and to define, declare and abate nuisances injurious to the public health.   Therefore, the board had authority to pass the resolution in question.

The Court has so recently considered at length the principles involved in this appeal that it will be necessary only to state and apply them.

As the powers of boards of health are conferred upon them by the legislature, it follows that, as long as their

actions are not arbitrarily or capriciously taken, and are confined within the limits of powers constitutionally conferred upon them, they are subject to no control, except that of the legislature; and the Court will review their actions only so far as may be necessary to see that they bear a just and reasonable relation to the object sought to be attained, and do not invade personal or property rights vouchsafed to the citizens by the Constitution. Within the limits of their power, they are the exclusive judges of the propriety and wisdom of their actions, and so long as they act strictly within those limits, and not arbitrarily or capriciously, they are not subject to the control of the Court. In other words, the Court cannot set its judgment against theirs, for that would be to usurp their powers. *Kirk* v. *Board, supra; Douglas* v. *Greenville,* 92 S. C. 374. Under the showing made, it could not have been said that the action of the board in this case was arbitrary or capricious, or that it had no substantial or reasonable relation to the purpose for which it was intended, namely, the protection and preservation of the public health. On the contrary, the overwhelming weight of the evidence was that it was not only desirable but necessary to that purpose.

The Circuit Judge did not err in considering the whole case,—the showing made by defendants as well as that made by plaintiffs—in determining whether he would exercise his discretion to grant or refuse the injunction.

3    While a Judge, at chambers, cannot *finally decide* anything as to the merits, he can and ought to look into the merits, whether they present issues of law or fact, and *consider* them to the extent necessary to enable him to exercise his discretion wisely. In *Sease* v. *Dobson,* 34 S. C. 345, 13 S. E. 530, the syllabus reads: "A Circuit Judge has the right to refuse an injunction, and such refusal is not a decision on the merits, even though he base his decision upon a ground which would be decisive of the case if so held at the hearing on the merits; but if his refusal is rested

upon an erroneous proposition of law, it may be corrected by appeal." In *Crawford* v. *Lumber Co.*, 77 S. C. 88, 57 S. E. 670, the Court said that even if the complaint states a cause of action for injunction, a temporary injunction should not follow automatically, "for the Court should consider the showing made in opposition thereto, and must determine, *in view of all the circumstances* (italics added), whether an injunction is reasonably essential to protect the legal right of the plaintiffs pending the litigation, subject to review by this Court." In *Hutchison* v. *York,* 86 S. C. 405, 68 S. E. 577, the Court said : "If plaintiff's *prima facie* case depends upon allegations that a statute is unconstitutional, the Judge hearing the application must consider that matter in determining the reasonable necessity for temporary injunction, and if he hold the statute valid, the necessity is not made to appear. The question is one of law, in which the presumption is in favor of the validity of the statute. In order to reverse the refusal of temporary injunction in such case, this Court must review the constitutional question."

Affirmed.