## ALDERMAN & SONS CO. v. WILSON.

1. INJUNCTION.—Whether an action is brought for sole purpose of obtaining an injunction is decided by examination of the complaint, unaffected by issues raised by defendant's answer and return, and in such an action, if an injunction is necessary to the assertion and preservation of a legal right, if established as alleged in the complaint, temporary injunction should be granted.

2. IBID.—DISCRETION.—Granting a temporary injunction is a matter of discretion, but when plaintiff alleges an exclusive right of way over certain lands, and the threatened trespass of defendant thereon, is of a nature so continuous as to render an action at law for redress inadequate, a case is made warranting equitable interference by injunction.

3. IBID.—The Circuit Judge, in coming to the conclusion that a temporary injunction should be granted, properly considered the complaint, return and affidavits in deciding that a *prima facie* showing had been made therefor.

4. REHEARING refused.

Before PURDY, J., Florence, August, 1903.    Affirmed.

Action by D. W. Alderman & Sons Co. against Thomas Wilson. From order granting temporary injunction, defendant appeals.

*Messrs. Willcox & Willcox,* for appellant, cite: *As to when the equity for an injunction attaches:* Adam's Eq., 497; 17 S.

C., 411; Rice Ch., 80; High on Inj., secs. 4, 7, 9, 10, 13, 15; 1 Dill. C. C., 469. *Complaint does not state a case warrant-ing equitable interference:* High on Inj., secs. 35, 37; Wood. L. & T., sec. 227; 17 S. C., 411; *Hellams* v. *Switzer,* 24 S. C.; *Threalt* v. *Brewer Co.,* 42 S. C.; *Alston* v. *Limehouse,* 60 S. C.; *Lipscomb* v. *Littlejohn,* 63 S. C.

Messrs. *Wilson & DuRant,* contra, cite: *As to granting temporary injunction on case made by complaint:* 54 S. C., 547; 62 S. C., 221; 65 S. C., 568; 51 S. C., 435; 42 S. C., 101. *Can Judge grant injunction as to disputed right of way?* 34 S. C., 345. *What was effect of act of 1901 as to finding of fact by Judge in such case?* Code, 241; 27 S. C., 408; 10 Ency. P. & P., 983.

May 10, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES This is an appeal from an order of temporary injunction *pendente lite,* granted herein by Judge Purdy, August 18, 1903, restraining defendant from building or operating a railroad upon or across that part of the land described in the complaint, on which plaintiff has located its right of way, alleged in the complaint to be exclusive and prior to any right of defendant.

In his order granting the injunction, Judge Purdy said: "Under the law as I conceive it to be, if complaint shows a *prima facie* case for equitable interference, it is the duty of the Court to grant the temporary injunction. It will only be necessary to refer to the statute and to the latest decision on the subject: 'Where it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff.' Code of Civil Procedure, chap. III., subject 'Injunction,' 240. In *Riley* v. *Charleston Union Station Company,* filed July 10, the Supreme Court, by Mr. Justice Gary,

reversed the order of Judge Watts, refusing to grant a temporary injunction.    In that case, Mr. Justice Gary said : 'The only question that can be considered at this stage of the case is whether the plaintiffs have made a *prima facie* showing for equitable relief by way of injunction'—citing *Alston* v. *Limehouse,* 60 S. C., 568-9, 39 S. E., 188.

"Has the plaintiff made a *prima facie* showing?    It alleges that it and the defendant are separately engaged in manufacturing trees into lumber, each using iron railways for hauling the trees to their separate mills.    Each has acquired trees in the same territory and the litigation shows that there is not only great rivalry between them, but no good feeling.    The complaint shows that the plaintiff has acquired a right of way over the land of Maggie Jones, described in the complaint, and that the right of way over the same has been staked out, and that the line of railroad sought to be built and operated by the defendant will cross the line proposed to be built and operated by the plaintiff, causing serious and continuous friction and annoyance of such character that damages at law will not compensate the injury.    The defendant alleges in his answer and by his return and affidavits, that the alleged right of way was procured by fraud, is a mere license anyway, and has been revoked by a subsequent conveyance to him by the same party of a right of way over the land; and, in addition to this, undertakes to show that if the plaintiff follows the line indicated in its alleged grant, the line proposed by the defendant will not conflict with the proposed route of the plaintiff.    All of these are issuable facts triable on the merits of the case, and under the authorities of our own Court, it is not proper for a Circuit Judge to consider the merits of a case of this kind at chambers on a motion for a temporary injunction, except in so far as they may enable him to come to a proper conclusion as to whether a *prima facie* showing has been made.    When such showing is made, a temporary injunction will be granted without regard to how the case may terminate on the hearing on the merits.    The plaintiff is entitled to a temporary injunction

restraining the defendant from committing any of the acts complained of, pending the hearing on the merits. It is, therefore, ordered, &c."

As contended by appellant's counsel, the exceptions to this order alleged error in three particulars: (1) in holding that the sole purpose of this action was to obtain an injunction; (2) in holding that if the complaint shows a *prima facie* case for equitable interference, it is the duty of the Court to grant the temporary injunction, regardless of the showing made by the defendant; (3) the Circuit Judge abused his discretion in finding from all papers presented to him in this case that there was such a showing made of immediate danger of irreparable mischief as would entitle plaintiff to a temporary injunction.

An examination of the complaint clearly shows that the sole purpose of the action was to obtain an injunction. This conclusion is not affected by the issues which defendant seeks to raise by his answer and return.

The authorities hold that where the action is for the sole purpose of an injunction, and a temporary injunction is essential to the assertion and preservation of a legal right, if established as alleged in the complaint, it would be error of law to refuse a temporary injunction. *Strom* v. *Am. Mortg. Co.,* 42 S. C., 101, 20 S. E., 16; *Seabrook* v. *Mostowitz,* 51 S. C., 434, 29 S. E., 202; *Cudd* v. *Calvert,* 54 S. C., 457, 32 S. E., 503; *Oil Co.* v. *Ice Co.,* 62 S. C., 196, 40 S. E., 169; *Riley* v. *Charleston Union Sta. Co.,* 67 S. C., 84.

Ordinarily, however, interlocutory injunction is not a matter of right but of grace, resting in the sound discretion of the Judge—*Pelzer, Rodgers & Co.* v. *Hughes,* 27 S. C., 415, 3 S. E., 786. Sec. 240 of the Code of Civil Procedure provides: "Where it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to the plaintiff * * * a temporary injunction *may*

be granted to restrain such act. * * *'' Now, if as alleged plaintiff owns an exclusive right of way over the land described, that is a property right with which defendant cannot lawfully interfere in any manner injurious to plaintiff, if as alleged defendant claims under a junior grant from plaintiff's grantor; and if the threatened trespass by defendant is of a continuous nature, so as to render an action at law for redress inadequate, a case would be made warranting equitable interference by injunction. *McClellan* v. *Taylor,* 54 S. C., 435, 32 S. E., 527; *Ragsdale* v. *Southern Railway,* 60 S. C., 391, 38 S. E., 609.

We do not understand that the Circuit Judge in determining whether temporary injunction should issue, ignored the showing made in defendant's answer and return, with affidavits, for it appears that he did consider these matters in so far as they enabled him to come to a proper conclusion as to whether a *prima facie* showing had been made warranting an injunction. Nor can we after consideration declare that the Circuit Judge abused his discretion, in granting an injunction.

Appellant's exceptions are overruled and the judgment of the Circuit Court is affirmed.

Petition for rehearing dismissed, May 23, 1904.