### WILSON v. ALDERMAN & SONS CO.

1. INJUNCTION.—A complaint alleging that the plaintiff has bought all the timber on a tract of land, and the right to locate and maintain a railroad thereon, and that he has built and is operating a railroad thereon, and that the defendant has staked out a way for a railroad across the same land to plaintiff's road, and is attempting to build a road across plaintiff's, states a cause of action for temporary injunction.

2. IBID.—RAILROADS—RIGHT OF WAY.—A party seeking to lay out and build a private railroad across another without consent of owner, or without condemnation proceedings and payment of compensation, should be enjoined from so doing.

Before TOWNSEND, J., Florence, December, 1902. Affirmed.

Action for injunction by Thomas Wilson against D. W. Alderman & Sons Co. From order granting temporary injunction, defendant appeals.

*Messrs. Wilson & DuRant,* for appellant, cite: *Complaint does not state a cause of action for injunction:* 10 Ency. P. & P., 944, 964, 945; Pom. Cod. Rem., sec. 534; 69 Md., 272; 1 DeS. Eq., 224; 19 N. Y., 371; 9 S. E., 950. *Licensee operating temporary railroad has no right to prevent another from crossing:* 35 Id., 460; 2 T. R., 90; 10 Ency., 2 ed., 399; 50 Ga., 451; Rice Eq., 80.

*Messrs. Willcox & Willcox,* contra, cite: *As to the complaint alleging a cause of action:* 65 S. C., 284; Con. 1895,

art. I., sec. 17 ; art. IX., sec. 20 ; 54 S. C., 430. *The "taking" by defendant is for private use and illegal:* 53 S. C., 118 ; 17 S. C., 411.

May 11, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. By this action plaintiff seeks an injunction against the defendant corporation, its agents and servants, whereby they may be enjoined and restrained by the Court of Common Pleas for Florence County, in this State, from going upon plaintiff's railroad and from constructing and operating a railroad across the same, and for such other and further relief as may be just. At the regular term of the Court of Common Pleas for said Florence County, the defendant made its return to an order requiring it to show cause why a temporary order of injunction should not issue, which came on to be heard by his Honor, Judge Townsend, on the 26th day of December, 1902. The Circuit Judge, as the result of such hearing, held such return to the rule as insufficient, and granted a temporary injunction restraining the defendant and its agents and servants until the action should be heard and judgment had therein from any and all interference with plaintiff's railroad. Thereupon the defendant appealed from said order. In order that we may deal intelligently with this contention, we will reproduce the complaint, the return of defendant and the order passed by the Circuit Judge. The complaint was as follows:

"The plaintiff herein complaining, alleges:

"1. That the plaintiff owns a large and valuable lumber mill located at Salem, in Williamsburg County, State of South Carolina, and for several years passed has purchased tracts of timber in Williamsburg and Florence and Clarendon Counties for the purpose of supplying said mill with logs to be manufactured into lumber, and has constructed, at a considerable distance west of Salem, S. C., railroads for the purpose of transporting the logs to his said mill.

"II. That the plaintiff has a large number of hands employed at all times in the manufacture of lumber and has

12—69

invested considerable money in the lumber mill and the ap-
purtenances thereto, and the value of the investment and the
success of the enterprise depends largely upon his ability to
keep said mill supplied with logs at all times, and the said
mill can be supplied in no other way except by the uninter-
rupted use of the railroads constructed by him for transport-
ing logs to said mill.

"III. That at the times hereinafter mentioned the defend-
ant, D. W. Alderman & Sons' Co., was, and is now, a private
corporation duly organized and incorporated under the laws
of the State of South Carolina, and engaged in the manufac-
ture and sale of lumber as its principal business.

"IV. That said defendant operates in Florence County
and adjoining counties, railroads for transporting logs and
other property of the defendant, said railroads being the pri-
vate property of said defendant.

"V. That on or about the 17th day of July, 1899, the
plaintiff purchased, for valuable consideration, from one H.
E. Robinson, the timber on forty acres of land, situate, lying
and being in Florence County, State of South Carolina, and
bounded on the north by J. Scott Driggers; on the east by
land of W. S. Thomas; on the south by land of J. E. Robin-
son; and on the west by land of Williams & Green, together
with the right to said plaintiff or his assigns, to lay out, con-
struct and operate across said land, all roads, tramroads or
railroads that might be necessary or convenient for the re-
moval of said timber or for removing timber from other
lands.

"VI. That soon after the purchase of the timber and rights
referred to in paragraph V., the plaintiff laid out and con-
structed across said land a private railroad for the purpose
of transporting said timber and other timber owned by him,
to his mill at Salem, S. C., and since the construction of said
railroad has operated same and is now operating same daily
for supplying logs to his said mill.

"VII. That the defendant is now laying out and construct-
ing a railroad in the direction of plaintiff's said railroad and

has staked out a right of way at a point near plaintiff's said railroad, on the lands of said H. E. Robinson, and, as plaintiff is informed and believes, is attempting to construct a railroad· over and across the railroad now owned and operated by plaintiff.

"VIII. That the plaintiff is informed and believes that the defendant, unless prevented by an order of this Court, will construct his railroad across plaintiff's railroad, as aforesaid, and will operate same for a long period of time continuously, and will appropriate so much of plaintiff's property in said railroad as may be necessary to construct and operate the defendant's said railroad thereover. And will continuously for such period interfere with, hinder and delay plaintiff in his use of his railroad.

"Wherefore, plaintiff prays that the defendant, its officers, agents and servants, may be enjoined and restrained by this Court from going upon plaintiff's said railroad, and from constructing and operating a railroad across the same, and for such other and further relief, &c."

The return was as follows: "D. W. Alderman, being duly sworn, says: That he is president of D. W. Alderman & Sons' Co., which is the defendant in the above action. That the defendant owns a right of way for a railroad over the tract of land mentioned in the complaint herein conveyed to it by the said H. E. Robinson.

"That the defendant has no present desire or intention to cross the railroad of the plaintiff on the land of H. E. Robinson, and does not expect to ever do so, and has not been and is not threatening or planning to make such crossing.

"That should the defendant ever desire to cross the track of the plaintiff on the said tract of land, the plaintiff will not be damaged thereby, for the following reasons: I. That defendant in such case, as is its custom in such cases, would furnish all ties, rails, spikes, bolts and the special shaped pieces of iron forming the crossing, and would not use anything belonging to the plaintiff in making said crossing, and would thereafter keep up the same. II. The crossing would

be placed in a position in a short time, and so as not to delay or hinder the plaintiff in his use of his railroad. III. The track of the plaintiff is nothing but an ordinary timber tram-road or railroad, and is not in a condition for trains to be run over it at a high rate of speed, and the road of the defendant would be of the same character, and so the risk of collisions, accidents and delays would be practically nothing. IV. Because the plaintiff is now running only one train out and back per day over his railroad most of the time, and as this defendant would probably, if it ever in the future desired such crossing, run only one train per day over same, the probability of interfering with, hindering or delaying the plaintiff would be too remote for consideration." Sworn to by D. W. Alderman.

The defendant also took the position that the complaint did not state facts sufficient to constitute a cause of action.

The following is a copy of the Judge's order:

"On the second day of December, 1902, a rule to show cause was issued in the above entitled action, requiring the defendant company to show cause why it should not be restrained and enjoined from entering upon and from constructing and operating its railroad upon or across the plaintiff's railroad, which has been constructed and is now being operated across the land of H. E. Robinson, in Florence County, S. C. The hearing was postponed twice, and finally the entire matter was submitted on written arguments. I have examined all the motion papers, return of defendant and arguments of counsel very carefully, and I am satisfied that the showing is not sufficient. And that, therefore, the injunction must be continued in force. And as the cause will no doubt proceed to a final judgment, it would not be proper for me at this time to discuss any of the issues. I will, therefore, merely remark that I cannot sustain the position which defendant's counsel take in reference to the complaint, and that the candor of the defendant company in making its return, creates the impression that an attempt may be made in the future to cross over plaintiff's railroad. It is, there-

fore, ordered and adjudged, that the showing made under the rule to show cause issued herein is insufficient. It is further ordered, that the temporary injunction hereinbefore issued herein, be continued in force until the final judgment in the cause, and that bond of the plaintiff be continued in force."

From this order for temporary injunction the defendant has appealed on the following exceptions:

"*First Exception.* That his Honor, the Circuit Judge, erred, it is respectfully submitted, in deciding that the complaint herein stated a cause of action, when it does not, because:

"1. It does not allege that the plaintiff owns the land described in the complaint, or owns any rights for a railroad over same.

"2. It does not allege that the plaintiff has any exclusive right to build a railroad on said land.

"3. It does not allege that his railroad may not be crossed by another railroad, and both railroads used concurrently without injury to plaintiff.

"4. It does not allege that the plaintiff will be irreparably damaged if defendant commits the acts alleged to be threatened.

"5. There is no allegation of insolvency of defendant.

"6. It does not allege that the crossing of the railroad of the plaintiff by that of the defendant will be the cause of any inference, hindering or delay of the plaintiff.

"7. It does not allege that the defendant is threatening or intending to cross the railroad of the plaintiff on the land of H. E. Robinson, nor that it will do so unless restrained.

"8. That the Circuit Judge erred, it is respectfully submitted, in granting said order, as the complaint does not allege that the plaintiff's right to operate his railroad will continue, and, so far as appears, the plaintiff may not now or hereafter need or desire his right of way over said land for the removal of timber. Whereas, it is respectfully submitted, it is necessary for the plaintiff's right to be continuous

and permanent for a permanent injunction to be granted, and the Court will not permanently enjoin the defendant from crossing a railroad which is or may be remaining upon the land after its right to be there has expired, and no right of the plaintiff can be violated by such crossing.

"9. Because the complaint does not allege that the defendant has not the right to construct his railroad across the railroad of the plaintiff.

"*Second Exception.* That the Circuit Judge erred, it is respectfully submitted, in granting said order, as, after the defendant had under oath denied its intention to cross the plaintiff's railroad, the order of the Court would not redress or prevent any wrong done or threatened to the plaintiff by the defendant.

"*Third Exception.* That the Circuit Judge erred, it is respectfully submitted, in granting said order, as there is no proof or allegation that the plaintiff will be injured during the litigation of this cause.

"*Fourth Exception.* Because his Honor erred in deciding (if his order can be construed as so deciding) that the defendant was without right to cross the railroad of the plaintiff at any point whatever, whether on the land of H. E. Robinson or not."

We will now consider the grounds of exception.

1. We are satisfied that the plaintiff in his complaint has set out a cause of action. He alleges that he has bought all the timber on the forty acres of land for a valuable consideration, with the right of way over said land. He gives the name of H. E. Robinson as the man from whom he purchased, and the appellant in its return sets up that it bought its right of way from the same H. E. Robinson over this same tract of land. The complaint further alleges that he has already laid and is operating his line of railroad through this land every day. He further alleges that the defendant has surveyed and staked out a line of its railway up to plaintiff's present railway and threatens to cross the same. If the defendant shall carry out his purpose

of constructing its railroad across plaintiff's railroad and operate the same, it will be a series of invasions of plaintiff's property rights. The case of *McClellan* v. *Taylor,* 54 S. C., 430, 32 S. E., 527, is directly in point, and sustains this complaint as containing a good cause of action.

(1) A man who has purchased a right of way and constructed his railroad thereupon, has property rights. It is not necessary that he should be the fee simple owner of the land through which his right of way runs.

(2) When it is alleged in a complaint that a man has purchased a right of way over land, and has constructed and is operating his railroad thereon, there is no necessity to allege an exclusive right to build a railroad on said right of way.

(3) As to this subdivision, it will be proper to answer it at greater length than other such subdivisions. It is well to be kept in mind that one of the primary objects of government is the protection afforded to life, liberty and property of the inhabitants of that state or country whose agent the government is. The palladium of liberty is the Constitution; it binds and protects all. Usually there is set out in such constitutions what is known as bills or declarations of rights. So we find in our State Constitution, adopted in the year 1895, such a declaration of rights, and among these rights, as section 17, of article I., we find: * * * "Private property shall not be taken for private use *without the consent of the owner*" * * * (italics ours). So this is the pledge of this State to the plaintiff here that his private property shall not be taken for private use without his, the owner's, consent. It is necessary, also, to remember that it is only under the law of ownership by the State of all the lands in this State that the right is exercised by the legislature of the State to grant rights of way over such lands to corporations, and even then compensation to the private owner of such lands must first be made therefor. Thus the citizen can appeal to the law for protection for his private property when any private individual interferes with the same. This

being so, it is the duty of the Courts to accord protection to private property when appealed to for that purpose. *Beaudrot* v. *Murphy,* 58 S. C., 118, 30 S. E., 825.

In this instance, the plaintiff owns a private railroad; the defendant, a corporation, wishes to cross plaintiff's railroad without the consent of the owner. The owner has appealed to the Courts to prevent this defendant from doing so. The relief should be accorded.

But be the foregoing sound or unsound, there is an insuperable objection to the claim of defendant corporation in its assertion of its right to cross the plaintiff's railroad track. While section 17, of article I., of our Constitution, is as we have quoted it, yet this Court has held, in the case of *James W. Boyd* v. *The Winnsboro Granite Company,* 66 S. C., 433, 45 S. E., 10, that the foregoing section 17, of article I., must be construed along with sections 1, 2 and 20, of article IX., of the same Constitution. When so construed, their meaning is that private property shall not be taken for private use without the consent of the owner, except in cases where this power is conferred upon corporations by the General Assembly, and only then in the manner prescribed by section 20, of article IX.

These sections of article IX. are as follows:

"Section 1. The term corporation, as used in this article, includes all associations and joint stock companies having powers and privileges not possessed by individuals or partnerships, and excludes municipal corporations.

"Section 2. No charter of incorporation shall be granted, changed or amended by special law, except in case of such charitable, educational, penal or reformatory corporations as may be under the control of the State, or may be provided for in this Constitution; but the General Assembly shall provide by general laws for changing or amending existing charters, and for the organization of all corporations hereafter to be created, and any such law so passed, as well as all charters now existing or hereafter created, shall be subject to future repeal or alteration: *Provided,* That the General Assembly

may by a two-thirds vote of each house on a concurrent resolution allow a bill for a special charter to be introduced, and when so introduced, may pass the same as other bills.

"Section 20. No right of way shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner or secured by a deposit of money, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury of twelve men, in a court of record, as shall be prescribed by law."

Section 18 of the act, approved March 9th, entitled "An act to provide for the formation of certain corporations, and to define the powers thereof," is as follows: "Section 18. Corporations organized for any purpose under the provisions of this act shall have power to construct and operate a railroad, electric railway, tramway, turnpike or canal for their own use and purposes, and shall have the right to effect a crossing with any existing railroad or public roads as is now provided by law for railroad corporations, but they shall have no power to condemn lands except for crossing any existing railroad or public road, as herein provided."

Thus it is manifest that the defendant railway having failed to comply with the requirements of the statute law of this State, is prevented in its present plight from crossing the plaintiff's railway, for it is required by the statutes regulating the condemnation of plaintiff's land so that it may cross plaintiff's railroad, that it shall give notice to plaintiff of such purpose to cross his road, and upon his refusal, then to petition the Circuit Court to order the clerk to empanel a jury of twelve men to assess the compensation it must pay the plaintiff for such right of way across plaintiff's railroad. None of these things has defendant done. Hence the plaintiff has the right to have the defendant railway enjoined. These views render it unnecessary to further consider this exception.

2. The language of the return while denying any present

intention to cross plaintiff's railroad, yet strongly pointed to the exercise by the defendant of such right.

3. In the abundance of caution, the private property of the plaintiff should be protected from any interference by the defendant therewith. The defendant itself declares it has a right of way over H. E. Robinson's land. If it desires to build its railroad across plaintiff's railroad, it must do so under condemnation proceedings.

4. Judge Townsend's order must be restricted to the case before him, namely, plaintiff's railroad over H. E. Robinson's land. It cannot be made to apply to any other land than that of H. E. Robinson's forty acres, whereon the timber was sold to plaintiff and whereon plaintiff's railroad runs. It would be erroneous to hold that this preliminary injunction could be of itself made to restrain the defendant in every conceivable case and on every conceivable tract of land. We mean to say that Judge Townsend only intended his order for a preliminary or temporary injunction to apply to the rights acquired and now exercised through his contract with H. E. Robinson, in to and over the forty acres of land described in the complaint.

It follows, therefore, that all the exceptions of the defendant must be overruled.

It is, therefore, adjudged by this Court, that the order of Judge Townsend for a temporary injunction in this case be affirmed, and that the action be remitted to the Circuit Court for trial.