MARION COUNTY LUMBER CO. v. TILGHMAN LUMBER CO.

INJUNCTION.—Where the sole purpose of an action is for an injunction, and a temporay injunction is essential to the assertion and preservation of a legal right, if established, as alleged in the complaint, it is error of law to refuse or set aside a temporary injunction. *Held* here, that plaintiff is not entilted to injunction preventing defendant from locating a right of way over lands on which plaintiff has a senior right to locate a right of way until it locates its way, but it is entitled to the injunction to preserve its timber from danger of fire from locomotives defendant proposes to use on its proposed way.

*Goldsboro Lumber Co. v. Hines*, 35 S. E., 458, *and Northrop v. Simpson*, 69 S. C., 554, *distinguished from this case.*

Before GARY, J., Marion, October, 1905.   Reversed.

Action by Marion County Lumber Co. against Tilghman Lumber Co. From order dissolving a temporary injunction, plaintiff appeals.

*Mr. M. C. Woods,* for appellant, cites: 62 S. C., 196; 69 S. C., 156; 67 S. C., 93; 71 S. C., 64; 54 S. C., 457.

*Messrs. Montgomery & Lide* and *Willcox & Willcox,* contra, cite: 62 S. C., 472; Hngh on Inj., sec. 728; 14 Cyc., 1208; 39 Mo. App., 628; 29 Am. Dec., 57; 65 Me., 124; 35 S. C., 458; 89 Mo. App., 15; 38 Vt., 94; 15 N. W., 880; 27 S. C., 415; 69 S. C., 156, 551; 4 El. & Bl., 713.

September 19, 1906.   The opinion of the Court was delivered by

MR. JUSTICE JONES. . The Marion County Lumber Company, a corporation under the laws of this State, brought this action to enjoin the Tilghman Lumber Company, a corporation under the laws of Virginia, from operating a logging railroad across certain lands in Marion County. A temporary injunction was granted by Judge Ernest Gary, October 4, 1905, but the same was dissolved by his order of October 18, 1905, "without prejudice to plaintiff to apply for an injunction *pendente lite,* if at any time it is hindered, impeded or inconvenienced in the exercise of its alleged exclusive right of way heretofore acquired by the defendant, its agents or servants," from which order plaintiff appeals.

· Ordinarily, interlocutory injunctions are not a matter of right but of grace, resting in the sound discretion of the Judge. *Pelzer, Rodgers & Co.* v. *Hughes,* 27 S. C., 415, 3 S. E., 781. But when the sole purpose of an action is for an injunction and a temporary injunction is essential to the assertion and preservation of a legal right if established, as alleged in the complaint, it would be error of law to refuse or set aside a temporary injunction. *Alderman.* v. *Wilson,* 69 S. C., 159, 48 S. E., 85, and cases cited therein. This, however, does not mean that a right to a temporary injunction *pendente lite* follows automatically if the complaint states a cause of action for injunction. The Court should consider the showing made in opposition thereto and must determine in view of all the circumstances, subject to review

by this Court, whether the injunction is reasonably essential to protect the legal right of plaintiff pending the litigation, as was done in *Northrop* v. *Simpson*, 69 S. C., 554, 48 S. E., 613. We proceed to consider the appeal in the light of these rules.

The plaintiff having succeeded to the rights of the Cape Fear Lumber Company, bases its claim under a deed from owners, dated May 30th, 1898, conveying to the Cape Fear Lumber Company, "all of the short straw pine timber, all the cypress timber and all the poplar timber, except timber measuring twelve inches in diameter and less at the stump end," on the described tract of 950 acres in Marion County, known as the Phil Dew Land, with "exclusive rights of way over said land and rights of ingress and egress for men, teams, vehicles and engines at any and all times, and the right of way and right to build, construct and operate a railroad across the land, etc." Subsequent to this, the defendant company took deed from the owners conveying "an exclusive right of way not to exceed eighteen feet wide upon and across" the said tract of land, with privilege "to build, construct and operate a railroad, logging road, tramway or cart or wagon way upon said right of way, also the right and privilege to use all such small timber, except pine trees fourteen inches and above at stump, and brush and earth from said right of way as may in the judgment of said Tilghman Lumber Company be required to build, construct and maintain the aforesaid railroad, logging road, etc." The defendant by its answer admits that it entered upon the said tract in September, 1905, cut out a right of way over and across the same, constructed in part a logging railroad thereon, and has distributed ties along such right of way for the purpose and with the intention of operating a steam logging railroad thereon.

Assuming that plaintiff establishes its alleged senior easement, then it is obvious that it is the owner of the dominant estate in the land described, with which neither the owners of the said land nor their subsequent grantees can materially

interfere. It is true, the owners retained the soil and certain timber, but by their grant to plaintiff they must be held during the continuance of the easement to have abandoned every use of the land except such as might be made consistent with the reasonable enjoyment of the easement granted. *Herman* v. *Roberts,* 119 N. Y., 37, 16 Am. St. Rep., 803; 2 Wash. on Easements, 3d ed., 258; 14 Cyc., 1208.

The defendant cannot acquire under its junior grant any greater right than the owner of the servient estate had. The plaintiff's deed was duly recorded, and it is charged that the defendant before purchasing had actual notice of plaintiff's rights.

In so far as plaintiff seeks the aid of equity to protect its rights of way in said tract of land, we cannot say that the Circuit Judge erred in dissolving the temporary injunction at this time. It appears that plaintiff has not definitely located any right of way. The general rule is that equity will not interfere to protect an unlocated or indefinite right of way. *Goldsboro Lumber Co.* v. *Hines* (N. C.), 35 S. E. Rep., 458; *Fox* v. *Pierce,* 50 Mich., 500. The right of way which was protected in *Wilson* v. *Alderman,* 69 S. C., 176, 48 S. E., 81; *Alderman* v. *Wilson,* 69 S. C., 156, 48 S. E., 85; *Alderman* v. *Wilson,* 71 S. C., 64, 50 S. E., 643, was staked out. Undoubtedly, plaintiff, if senior grantee, as alleged, would have paramount right of ingress and egress for the removal of every tree of the stated dimension, wherever located on the tract described, which could not rightfully be interfered with by any subsequent grantee, but, as stated, equity will not interfere to protect mere unlocated rights of way.

It is claimed, however, that the operation of a steam logging railroad by defendant across said tract would subject plaintiff's property right in the trees to greater danger of destruction from fire communicated by the locomotives. It is alleged that the logging locomotive employed by defendant constantly emits sparks and scatters fire, and that said timber is for the most part pine woods with thick undergrowth and

will be liable to fire at any time from the engine of defendant, and that such fire would destroy valuable timber trees of special and peculiar value to plaintiff, now making preparations to manufacture lumber on an extensive scale, and several affidavits were submitted in behalf of plaintiff, to show the liability of the timber to be destroyed by fire resulting from the operation of a steam locomotive through it on an eighteen foot right of way.

It is not the intention or province of this Court now to discuss or decide any question of fact involved in this case in advance of the hearing upon the merits, but we are impressed that plaintiff made at least such a *prima facie* showing of threatened danger to its property rights in the trees as entitles it to the preliminary injunction. The threatened injury to plaintiff's property would be of such a repetitious or continuing nature as to render an action at law inadequate and to warrant equitable interference by injunction. *Alderman* v. *Wilson,* 69 S. C., 160, 48 S. E., 85. This feature of threatened irreparable injury to plaintiff's timber distinguishes the present case from *Goldsboro Lumber Co.* v. *Hines, supra,* relied upon by respondent, and from *Northrop* v. *Simpson,* 69 S. C., 554, 48 S. E., 613. If the defendant be allowed to construct and operate the steam logging road through the plaintiff's timber pending the litigation as to the rights of the parties, the injury threatened and apprehended will probably result before the termination of the suit; and should it be then adjudged that plaintiff is entitled to an injunction, the remedy would be of little or no avail. Hence, the *prima facie* case presented is one in which there is a necessity to issue temporary injunction to protect the legal right of the plaintiff pending the litigation.

The order of Judge Gary dissolving the temporary injunction is reversed and set aside.