### 11916

#### ATLANTIC COAST LINE R. Co. v. BAKER

#### (131 S. E., 678)

INJUNCTION—RAILROAD SUING TO ENJOIN CONSTRUCTION OF FILLING STATION HELD TO HAVE ADEQUATE REMEDY AT LAW, AND NOT ENTITLED TO INJUNCTION PENDENTE LITE.—Railroad suing to enjoin construction of filling station 67 feet from its tracks on land claimed by it as part of right of way *held* to have an adequate remedy at law to establish its easement, and not entitled to an injunction *pendente lite.*

Before DENNIS, J., Chesterfield, September, 1924. Affirmed.

Action by the Atlantic Coast Line Railroad Company against Rachel Baker. From an order denying an injunction *pendente lite,* the plaintiff appeals.

The following are the statements in the case, the complaint, the order of Judge Dennis appealed from and the exceptions thereto:

### STATEMENT

Action commenced by the service of a summons and complaint on the 27th day of August, 1924, and is one seeking permanently to enjoin the erection of a building to be used as a garage and filling station upon property alleged to be the right of way of plaintiff railroad company. In the absence of Judge Dennis from his circuit, Judge S. W. G. Shipp on the 26th day of August, 1924, upon the verified complaint issued a rule to show cause why a temporary injunction should not be issued, with restraint pending the return of the rule. The said rule to show cause was returnable before Judge E. C. Dennis at Darlington, S. C., on September 8, 1924. On the return to the rule to show cause, upon consideration of the verified complaint and the affidavits pro and con, his Honor, Judge Dennis, held that an interlocutory injunction was not essential to the preservation of any legal right of plaintiff and by order dated that day refused to grant an injunction pending the hearing on merits. From the order of Judge Dennis refusing the temporary injunction, plaintiff appeals to the Supreme Court. Upon an *ex parte* application his Honor, Associate Justice T. B. Fraser, on the 9th day of September, 1924, granted an order staying all proceedings herein until this appeal can be heard in the Supreme Court.

### COMPLAINT

The complaint, omitting caption and verification, is as follows:

(1) That at the times hereinafter mentioned, Atlantic Coast Line Railroad Company was, and is, a corporation duly chartered and existing under and by virtue of the laws of the State of Virginia, engaged in and doing business in the above State and county as a common carrier of freight and passengers for hire; and as such corporation is entitled to sue and be sued.

(2) That during the year 1857, as plaintiff is informed and believes, a corporation was formed, organized, and chartered under and by virtue of an Act of the General Assembly of South Carolina (12 St. at Large, p. 645) under the corporate name of Cheraw & Coal Fields Railroad Company, the proposed line of railroad to be constructed by said company to extend from the town of Cheraw to the North Caroline state line, in the direction of Wadesboro, and the right of way of said company, as authorized by the law of its creation, was to be 200 feet wide, that is to say, 100 feet wide from the center of the track on each side, with a conclusive presumption of a grant thereto two years after the construction thereof:

(3) That later on, to wit, about the year 1868, as plaintiff is informed and believes, by Special Act of the General Assembly of South Carolina, the name of such corporation was changed from Cheraw & Coal Fields Railroad Company to Cheraw & Salisbury Railroad Company.

(4) That, thereafter, as plaintiff is informed and believes, the Cheraw & Salisbury Railroad Company completed the construction of its said line of railroad from the main line of the Cheraw & Darlington Railroad in the town of Cheraw, to the North Carolina state line.

(5) That, on or about the 30th day of November, 1892, as plaintiff is informed and believes, all property, including real estate, rights of way, rolling stock, etc., of the Cheraw & Salisbury Railroad Company was sold under foreclosure sale, and bought in at such sale by the Cheraw & Darlington Railroad Company, which last-named company acquired and became the owner of all the property of, and succeeded to all rights under the charter of Cheraw & Salisbury Railroad Company.

(6) That, as plaintiff is informed and believes, on or about the 18th day of July, 1898, the Cheraw & Darlington Railroad Company, with all of its property, rights and powers, etc., was consolidated with and into Atlantic Coast Line Railroad Company of South Carolina.

(7) That, as plaintiff is informed and believes, on or about the 18th day of April, 1900, the Atlantic Coast Line Railroad Company of South Carolina was consolidated with and into the Atlantic Coast Line Railroad Company, the plaintiff herein, who is now the owner of all the powers, rights and property, above mentioned and described.

(8) That, as plaintiff is informed and belives, Cheraw & Coal Fields Railroad Company, afterwards Cheraw & Salisbury Railroad Company, obtained from the then adjoining landowners deed to a right of way 200 feet wide, that is to say, 100 feet wide from the center of the track on each side, beginning in the town of Cheraw at the end of the north leg of the present Atlantic Coast Line Railroad Company's wye, just below the passenger station of said company, and running to the North Carolina state line, and that said right of way, as above set forth, is now owned by the plaintiff herein.

(9) That the defendant, Rachel Baker, is committing acts of trespass upon the right of way of plaintiff, in that said defendant is attempting to build a house on said right of way, at the point where the right of way of plaintiff is intersected by the Jefferson Davis Highway, in the town of Cheraw, east and north of the track of plaintiff on said north leg of the wye, and south of said Jefferson Davis Highway, and fronting on said highway; that the said defendant was duly warned and forbidden to enter said lands and to erect or cause to be erected the said house, at this point, and was informed that such building would be upon the right of way of plaintiff, but that the said defendant has treated such notice with defiance, and claims that she is entitled to enter upon said land, and to build said house thereon, and to occupy and use the same as her own, and threatens and continues so to do.

(10) That title to the said land, 100 feet from the center of the track, is in plaintiff, and that said building is a permanent structure, intended as a store or garage, which if built will seriously interfere with plaintiff in the use and

enjoyment of its said easement as this point, and will greatly increase the hazard of fires.

(11) That plaintiff has acquiesced and permitted adjoining landowners to plant gardens and cultivate parts of its right of way, so long as such use was not inconsistent with the use of said land for railroad purposes, but that if the defendant be permitted to complete the erection of the building, above mentioned and described, it will seriously interfere with the enjoyment of the easement by plaintiff, and the use thereof will be inconsistent with plaintiff's use thereof for railroad purposes, as said structure is permanent, and the use and occupancy thereof by defendant, and its continuance upon said land, will constitute a continuing trespass upon the rights and property of plaintiff who is in possesson of same.

(12) That, as plaintiff is informed and believes, the defendant is insolvent and cannot be made to respond to a judgment for damages, that the acts of trespass are of a continuing nature, and an action at law would be inadequate, and that unless the Court of Equity will enjoin and restrain the erection of said building, by defendant, the plaintiff will suffer irreparable damage and injury.

Wherefore plaintiff prays judgment that the said Rachel Baker, defendant, her agents, servants, and employees, be permanently restrained and enjoined from trespassing upon the property of this plaintiff and from erecting the building above mentioned; for the costs and disbursements of this action; and for such other and further relief as the Court may deem meet and proper or to equity may pertain. (Duly verified by R. B. Hare, Superintendent.)

### ORDER OF JUDGE DENNIS

This is an action for injunction to restrain the defendant from continuing trespass on the right of way of the plaintiff. It appears that the defendant has undertaken to erect a garage on land claimed by the plaintiff as its right of way, and that the garage is practically completed. In view of the

fact that this building is more than 67 feet from the track of the plaintiff and is not near any building of the plaintiff, I do not think its completion and operation would be harmful to the plaintiff during the pendency of this action. Without undertaking to pass upon the merits of this case in any way, I have concluded that an injunction pending the hearing of this case is not essential to the preservation of any rights of the plaintiff. It is therefore ordered that the restraining order pending a hearing on the merits be and the same is hereby refused.

### EXCEPTIONS

(1) That his Honor, the Circuit Judge, erred in holding that, the building being partly constructed, its completion and use as a garage and filling station would not damage plaintiff pending the hearing on merits.

(2) That his Honor erred in refusing a temporary injunction to restrain the completion of the building and its use as a garage and filling station, when it was conclusively shown that the defendant is entirely insolvent, and that a judgment at law for damages would be worthless, and the completion of the building and its use as a garage and filling station would tend to aggravate the trespass and greatly increase the hazard of fires.

(3) The action being one for a permanent injunction to restrain a continuing trespass, and it being conclusively shown that defendant is insolvent, his Honor erred in refusing a temporary injunction, to preserve the *status quo* pending the hearing on the merits, as the threatened acts of defendant will increase the damage of plaintiff, and plaintiff will be without means of redress.

(4) The action being one for a permanent injunction to restrain a continuing trespass on the right of way of plaintiff by the erection of a permanent structure thereon, and defendant having made no showing of title as against plaintiff's title, his Honor erred in refusing the temporary injunction and in holding that such temporary injunction was not essential to the preservation of any rights of plaintiff.

(5) It being conclusively shown that the right of way of plaintiff was 100 feet wide, from the center of the track on each side and the building which defendant is attempting to erect being a permanent structure in which it is intended that a garage and filling station business shall be conducted, his Honor erred in holding that because the building of defendant was more than 67 feet from the track of plaintiff, that plaintiff would not be damaged by its completion and use.

(6) The action being one for a permanent injunction to restrain a continuing trespass, and it being conclusively shown that plaintiff would suffer irreparable injury and damage unless the *status quo* were preserved pending the trial on the merits, his Honor erred in refusing the temporary injunction.

*Messrs. Pegues & Murray,* for appellant, cite: *Under the complaint plaintiff only required to prove possession of premises:* 91 S. C., 468; 86 S. C., 358; 68 S. E., 637. *Prerequisites to injunction pendente lite:* 92 S. C., 121; 75 S. C., 221; 55 S. E., 337; 69 S. C., 48; 48 S. E., 85; 60 S. C., 381; 38 S. E., 609; 14 R. C. L., 314. *Use of railroad right of way by adjoining land owner:* 109 S. C., 444; 96 S. E., 188.

*Mr. R. E. Hanna,* for respondent, cites: *Facts do not justify injunction pendente lite:* 69 S. C., 551. *Injunction pendente lite matter of discretion:* 87 S. C., 566.

February 3, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action is brought for the purpose of restraining the defendant from erecting a filling station upon land claimed

by the plaintiff as a part of its right of way.  On hearing a rule to show cause why an injunction *pendente lite* should not be granted, Judge Dennis refused to grant the injunction and the plaintiff appealed.

An order was granted by a member of this Court, staying proceedings until the appeal could be heard.  The plaintiff has a plain and adequate remedy at law to establish its easement.  It does not allege that it needs the easement at present, and if the defendant owns the property, she would have a right to use it, subject to the easement, if the plaintiff has such easement, and until the plaintiff needs the easement.

It is true that the plaintiff was required to commence suit when the property was used antagonistic to its claim, but let the plaintiff establish its right on the law side of the Court. I am not in favor of government too much by injunction, and for this reason do not think the injunction should be granted.

Let the order of Judge Dennis be reported.

Affirmed.

MR. CHIEF JUSTICE GARY and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MESSRS. JUSTICES COTHRAN and MARION dissent.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY (concurring) : I concur in the opinion of Mr. Justice Watts, solely for the reason that the plaintiff has a plain and adequate remedy at law to establish its right.  Should the plaintiff, on such issues as may be raised, establish its right to the strip of land in question, either in fee or as having a right of way, the loss of the erection of a building of a permanent nature upon it will fall upon the defendant; and while the plaintiff has alleged that the defendant is insolvent and will not be able to respond in damages, the nature of the situation, as disclosed by the affidavit, does not show such a threatened irreparable injury as would warrant the granting of an injunction *pendente lite*.

The order staying the proceedings should be dissolved, and the case heard on its merits.

Mr. Justice Cothran (dissenting) : It appearing that the action is for the sole purpose of an injunction and that a temporary injunction, that is, an injunction *pendente lite* is essential to the assertion and preservation of a legal right, if established as alleged in the complaint, it follows that the refusal of such injunction was error of law. *Alderman v. Wilson,* 48 S. E., 85 ; 69 S. C., 156. *Lumber Co. v. Tilgh-man,* 55 S. E., 337 ; 75 S. C., 221. *Ragsdale v. R. Co.,* 38 S. E., 609 ; 60 S. C., 681. *Jones v. Atlantic Coast L. Corp.,* 75 S. E., 698 ; 92 S. C., 418. *Strom v. American Co.,* 20 S. E., 16 ; 42 S. C., 101. *Seabrook v. Mostowitz,* 29 S. E., 202 ; 51 S. C., 434. *Cudd v. Calvert,* 32 S. E., 503 ; 54 S. C., 457. *Darlington Oil Co. v. Ice Co.,* 40 S. E., 169 ; 62 S. C., 196. *Riley v. Union Station,* 45 S. E., 149 ; 67 S. C., 84. *Childs v. City,* 70 S. E., 296 ; 87 S. C., 566 ; 34 L. R. A. (N. S.), 542.

The Reporter will append the statement in the case, the complaint, the order of Judge Dennis, and the exceptions.

The judgment of this Court should be that the order appealed from be reversed.

Mr. Justice Marion concurs.