18421

Gertrude BAGWELL and Lucille B. Williams, Appellants, v.
TRANSCONTINENTAL GAS PIPE LINE
CORPORATION, Respondent

(145 S. E. (2d) 17)

*Messrs. L. K. Leonard* and *Harvey W. Johnson,* of Spartanburg, *for Appellants,*

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Respondent,*

November 11, 1965.

BRAILSFORD, Justice.

Transcontinental Gas Pipe Line Corporation instituted condemnation proceedings, as authorized by Sections 58-6, 58-302 and 58-771, *et seq.*, Code of 1962, to acquire a seventy-five foot right-of-way for a 36 inch underground pipe line across a tract of several hundred acres of land in Spartanburg County belonging to Gertrude Bagwell and Lucille B. Williams. On September 30, 1958, an order was issued that a clerk's jury be empaneled to ascertain the amount to be paid to the landowners as compensation for the taking of their property. However, nothing further was done under this order. Instead, a consent order was taken waiving the ascertainment of compensation by a clerk's jury, as provided by the statute, and placing the cause on the jury calendar for trial of the issue in the court of common pleas, as though upon appeal from such a verdict. Thereupon, Transcontinental was permitted to take possession of the right-of-way. After an unaccounted for delay, the issue was tried in June, 1963, and the compensation to be paid the landowners was fixed by the jury's verdict at $2,966.00. The landowners have appealed, charging that the court committed error in a number of particulars.

The first two exceptions [1] are too general to require consideration by us. However, in the light of the argument of counsel, it is apparent that both rest upon the claimed insufficiency of the amount of the verdict. The amount awarded as compensation by the jury is adequately supported by the testimony of the two real estate experts called as witnesses by the condemnor. Therefore, the challenge to the court's refusal to grant a new trial upon this ground is without merit.

---

[1] "1. That the Circuit Judge erred in denying motion for new trial, the error being that there is no competent evidence to support the verdict.

"2. That the Circuit Judge erred in denying motion for new trial, the error being that the jury disregarded the charge of the presiding judge in arriving at its verdict."

The third exception charges that the court erred in "disallowing the testimony of the landowners as to the amount spent on the house immediately prior to the condemnation and their reason for abandoning the property." A brief statement of facts is appropriate.

The landowners are sisters and their family home ■ was on this property. The northern portion of the tract is traversed by a state highway running east and west. Most of the land, including the homesite and family residence, lies south of this highway. The right-of-way in question is approximately parallel to and north of this highway. It is also approximately parallel to and within forty-seven feet of a pipe line which the condemnor installed in 1950. One of the sisters testified that in 1950 they were engaged in repairing and restoring the family residence, which had been unoccupied for many years, when the right-of-way was condemned for the first pipe line. Work on the restoration of the dwelling was discontinued at that time and never resumed. The court refused to allow the witness to testify how much money had been expended before the abandonment of this project and this ruling is assigned as error. These facts show that the exception is without merit. The testimony was clearly irrelevant to the issue of just compensation for the easement taken in 1958.

The point argued under the sixth exception is that ■ the court erred in not allowing one Thomas J. Charles to express an opinion as to the value of the property. This witness testified that he was engaged in operating a filling station, located about one-half mile from the Bagwell property, on a site which he had purchased in 1958. When questioned about his familiarity with the Bagwell property, he simply stated that he had seen it and that he could see a portion of the property from his station. No effort was made to qualify the witness as an expert on real estate values. The trial judge did not err in excluding his opinion from evidence.

The final point urged by the appellants is that the court committed reversible error in failing "to properly instruct the jury on the element of interest on the award * * *." No mention of interest or its equivalent in damages was made in the charge to the jury. Upon the conclusion of the charge, when counsel were invited to request any additional instructions, counsel for the landowners announced that they had "nothing further." Therefore, according to the well settled rule, this omission from the charge, if error, is unavailable on appeal. See Section 10-1210, Code of 1962, and numerous decisions cited thereunder. Compare *South Carolina State Highway Department v. Miller*, 237 S. C. 386, 117 S. E. (2d) 561.

We have not overlooked that one among several requests for instructions, handed to the court by counsel for the landowners prior to the commencement of the charge, was disallowed. However, the record leaves us in the dark as to the contents of the requested instruction and, therefore, fails to show that its exclusion relieved counsel of the obligation to call the court's attention to any omission from the instructions.

We add that if counsel intended to argue exception 5, as to which the brief leaves us in doubt, it is without merit because the specification of error is irrelevant to the challenged ruling of the court.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.