18902

TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Respondent, v. S. V. PORTER, Lee PORTER, Ray PORTER, Katherine P. HAMBRIGHT, and Ruth P. HULL, Appellants.

(167 S. E. (2d) 313)

*Melvin L. Roberts, Esq.,* of York, *for Appellants,*

*Messrs. Robinson, McFadden & Moore,* of Columbia, and *Hall & Hall,* of Gaffney, *for Respondent,*

April 8, 1969.

LEWIS, Justice.

This is an appeal from an order of the lower court granting a temporary injunction restraining the defendants from interfering with the exercise of an alleged right of plaintiff to lay and construct a pipeline, in addition to its existing lines, across lands over which it had been previously granted an easement. The question to be decided is whether the lower court erred in granting the temporary injunction.

Under the provisions of Section 10-2055 of the 1962 Code of Laws, a temporary injunction may be granted "when it shall appear: (1) By the complaint, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act the commission or continuance of which, during the litigation, would produce injury to the plaintiff."

> The two essential conditions to the granting of a temporary injunction were thus stated in *Childs v. City of Columbia,* 87 S. C. 566, 568, 70 S. E. 296,

297; 34 L. R. A., N. S., 542: "First, the complaint must allege facts which appear to be sufficient to constitute a cause of action for injunction; and, second, on the entire showing from both sides it must appear, in view of all the circumstances, that the injunction is reasonably necessary to protect the legal rights of the plaintiff pending the litigation."

It is well settled that, in determining whether a temporary injunction should issue, the merits of the case are not to be considered, except in so far as they may enable the court to determine whether a prima facie showing has been made. When a prima facie showing has been made entitling plaintiff to injunctive relief, a temporary injunction will be granted without regard to the ultimate termination of the case on the merits. *Alderman & Sons Co. v. Wilson,* 69 S. C. 156, 48 S. E. 85.

Injunctive relief, under the foregoing section, is a matter that rests in the sound descretion of the judge to whom application is made and, as stated in *Alston v. Board of Health,* 93 S. C. 553, 77 S. E. 727, "while a judge, at chambers, cannot *finally decide* anything as to the merits, he can and ought to look into the merits, whether they present issues of law or fact, and *consider* them to the extent necessary to enable him to exercise his discretion wisely."

We have held that a temporary injunction may properly issue to protect rights acquired under an easement. *Darlington Oil Company v. Pee Dee Oil & Ice Company,* 62 S. C. 196, 40 S. E. 169; *Alderman & Sons Co. v. Wilson,* supra, 69 S. C. 156, 48 S. E. 85; *Marion County Lumber Co. v. Tilghman Lumber Co.,* 75 S. C. 220, 55 S. E. 337.

The question then is whether plaintiff made a *prima facie* showing for injunctive relief. The matter was heard by the lower court upon the pleadings, affidavit of plaintiff's agent, and exhibits setting forth other litigation between the parties relative to the exercise by planiff of its claimed rights under the easement. In reviewing the order

of the lower court, we confine our review of the facts solely to those considered necessary to a decision of the foregoing question.

The complaint states a cause of action solely for injunction. It alleged that, on February 9, 1950, the defendant, S. V. Porter, and his wife, executed and delivered to the plaintiff, Transcontinental Gas Pipe Line Corporation, a right of way and easement across a 120 acre tract of land in Cherokee County, authorizing the laying and construction of *pipelines* thereon, with the right, from time to time, to lay "one or more additional lines of pipe" approximately parallel to the first; and that for any additional line laid the plaintiff would pay a sum equivalent to one ($1.00) dollar per lineal rod of such additional line. The easement further provided that "the right of way herein granted is restricted to a width of fifty (50) feet for construction of the initial line and shall revert to a width of thirty feet after construction for maintenance purposes." It appears that the first line was laid across the property shortly after the right of way was granted. A second line was constructed in 1956 and a third one in 1962.

It is further alleged that plaintiff is now in the process of laying a fourth pipeline across the property for the purpose of transmitting natural gas in interstate commerce; that defendants (which include the original grantor and his children) have forbidden plaintiff's agents from entering upon the lands for such purpose, and that the stoppage of the construction of the line across the property seriously interferes with plaintiff's entire construction program from Texas to New York, causing plaintiff to suffer irreparable injury and damage unless a temporary restraining order is issued. An affidavit filed by plaintiff sets forth that its agent was threatened by defendants and threats made to blow up the pipeline if it was laid on the property. The complaint seeks a temporary restraining order and a permanent injunction against defendants from interferring with the proposed construction.

The answer of the defendants admits the execution of the above mentioned easement and that they have denied the plaintiff the right to proceed with the construction, but denies that the easement authorizes plaintiff to construct the additional line in question.

While plaintiff has the power of eminent domain, *Bagwell v. Transcontinental Gas Line Corp.*, 246 S. C. 569, 145 S. E. (2d) 17, the basic issue between the parties concerns the construction to be placed upon the language of the easement, that is, whether it authorized plaintiff to construct additional lines across the property.

Courts which have construed similar multiple pipe-line easements have held that they are unambiguous and grant the right to lay additional lines. See the following cases and those cited therein: *Hamilton v. Transcontinental Gas Pipe Line Corp.*, 236 Miss. 429, 110 So. (2d) 612; *Sorrell v. Tennessee Gas Transmission Co.*, (Ky.), 314 S. W. (2d) 193; *Vandiver v. Transcontinental Gas Pipe Line Corp.*, 222 F. Supp. 731. Therefore, in determining whether the temporary injunction should issue it was proper to consider that the right sought to be enforced by plaintiff was granted by the express terms of the easement.

It is admitted that defendants have denied plaintiff the right to proceed with the construction of the pipeline in question. The line is being laid for the transmission of natural gas from Texas to New York and the conclusion is justified that a delay in the construction would result in injury to plaintiff.

In view of all of the circumstances, we think that the lower court was justified, in the exercise of its discretion, in issuing the temporary injunction to protect the rights of plaintiff pending the litigation.

Affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.