0379

Michael H. ROBERTS, James Robert Bentley, and Charlene H. Nance, Appellants, v. The UNION COUNTY BOARD OF SCHOOL TRUSTEES, and Dewey Adams, Harriett Berry, J. N. Berry, Thomas E. Blackwood, Robert J. Crocker, Jr., James Good, Jimmy Hodge, Richard Jeffcoat, Randy Jenkins, Keith Parks, Rebecca Sanders, Debra Toney, and Carlisle Hart, individually and as Members of the Union County Board of School Trustees, Respondents.

(326 S. E. (2d) 163)

Court of Appeals

*Albert V. Smith*, Spartanburg, *for appellants.*

*William E. Whitney, Jr.*, Union, *for respondents.*

Heard Dec. 19, 1984.

Decided Jan. 31, 1985.

GOOLSBY, Judge:

In this action for injunctive and declaratory relief, the appellants Michael H. Roberts, James Robert Bentley, and Charlene H. Nance appeal a final order entered by the circuit court in favor of the respondents Union County Board of School Trustees and its members. The sole question before us is whether the circuit court erred in deciding the merits of the case upon a hearing to determine whether the appellants were entitled to a temporary injunction. We reverse and remand.

In an attempt to enjoin the respondents from expending any school funds to implement a reorganization plan of the Lockhart and Jonesville school attendance areas of Union County, the appellants on April 8, 1982, served upon the respondents a summons and complaint to which was attached an order and rule to show cause. Their complaint, which was later amended, alleged that the meeting in which the Board adopted the reorganization plan violated certain local statutes and statutes of statewide application.

The rule to show cause directed the respondents to appear before the circuit court on May 14, 1982, at 9:30 a.m. to show cause why the injunctive relief sought in the complaint "should not be granted pending a [h]earing on the merits." The hearing on the rule to show cause was held as scheduled and the court on June 17, 1982, issued a final order determining the merits.

The appellants argue that the circuit court should not have decided the case on the merits upon a hearing to determine whether they were entitled to a temporary injunction. We agree.

Although a court may consider a case's merits to the extent necessary to determine whether a temporary injunction should issue [*Transcontinental Gas Pipe Line Corp. v. Porter*, 252 S. C. 478, 167 S. E. (2d) 313 (1969)], it is improper for a court to make a final determination or to decide the merits of the case upon an application for a temporary injunction. 43A C.J.S. *Injunctions* Section 234(b) at 509 (1978); see also 42 Am. Jur. (2d) *Injunctions* Section 286 at 1081 (1969).

The circuit court erred, therefore, in deciding the case on the merits upon a hearing to determine whether the appellants were entitled to temporary relief pending a hearing on the merits.

In reaching this conclusion, we note that the record reflects no stipulation by the parties that the hearing upon the temporary injunction was also intended as the final hearing. We further note that no statute or rule currently exists in this state [*see* S. C. Code of Laws Sections 15-55-10 *et seq.* (1976); *cf.* JUDICIAL COUNCIL OF S. C., PROPOSED S.C.R.CIV.P. 65(a) (Revised, October, 1984)], as elsewhere [*see*, e.g., FED. R. CIV. P. 65(a)(2)], that would allow the court on its own motion after formal notice to the parties to consolidate the trial on the merits with the hearing for a temporary injunction. *See Gellman v. State of Maryland*, 538 F. (2d) 603 (4th Cir. 1976).

Reversed and remanded.

GARDNER and CURETON, JJ., concur.