900 F.2d 258
 1990-1 Trade Cases 68,960
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WELLS AMERICAN CORPORATION, a Maryland Corporation,
Plaintiff-Appellant,
v.
ZIFF-DAVIS PUBLISHING COMPANY, A DIVISION OF ZIFF
COMMUNICATIONS COMPANY, Defendant-Appellee.
 No. 89-1568.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 7, 1990.
Decided: March 20, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (C/A No. 89-2181-3-16)
 ARGUED: Brett Alan Hickman, West Columbia, South Carolina, for appellant.
 Clarke Wardlaw DuBose, Sinkler & Boyd, P.A., Columbia, South Carolina, for appellee.
 On Brief: H. Simmons Tate, Sinkler & Boyd, P.A., Columbia, South Carolina, for appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Wells American Corporation ("Wells American") appeals the district court's denial of its motion for preliminary injunction. Wells American sought the injunction to require the appellee Ziff-Davis Publishing Co. ("Ziff-Davis") to run its advertisements in the magazines Ziff-Davis publishes. Because Wells American does not show that it will suffer irreparable harm if the injunction is not issued, we affirm the district court's decision.
 
 I.
 
 2
 Wells American, a manufacturer and seller of computers and related equipment, brought this action seeking damages and injunctive relief and alleging causes of action for (1) breach of contract, (2) violation of federal antitrust statutes, (3) violation of the South Carolina Unfair Trade Practices Act, and (4) breach of a covenant of good faith and fair dealing. Wells American asserts that Ziff-Davis breached its contract with Wells American by printing the wrong advertisement in six issues of PC Magazine which is published by Ziff-Davis. In addition, Wells American contends that Ziff-Davis occupies a "monopolistic position" in the computer magazine publishing market and has wrongfully refused to print its advertisements in any of Ziff-Davis' publications until it pays off its account balance with Ziff-Davis.
 
 
 3
 Based on this alleged misconduct, Wells American moved for a preliminary injunction requiring that Ziff-Davis accept its advertisements in Ziff-Davis' magazines. The district court denied the motion for injunctive relief, finding that Wells American had failed to establish that it will suffer irreparable harm if the injunction does not issue. Wells American appealed to this court.
 
 II.
 
 4
 An injunction is an equitable remedy and the grant or denial of an application thereof is generally within the conscience and sound discretion of the court. Transcontinental Gas Pipe Line Corp. v. Porter, 252 S.C. 478, 167 S.E.2d 313, 315 (1969); Gresham v. Windrush Partners, Ltd., 730 F.2d 1417, 1422 n. 2 (11th Cir.), cert. denied, 469 U.S. 882 (1984). Therefore, an appellate court can only review a trial court's decision for any abuse of its discretion. Sims v. Central Trust Co., 123 F.2d 89, 90 (4th Cir.1941).
 
 
 5
 In considering a motion for preliminary injunction, a court must apply a balancing-of-the-hardship test as set forth in Blackwelder Furniture Co. of Statesville, N.C. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir.1977). Under this test, the court must consider the following four factors: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable harm if an injunction does not issue; (3) whether issuance of the injunction would substantially harm other interested parties; and (4) how an injunction will affect the public interest. Id. at 192-93. These four factors, however, are not to be accorded equal weight:
 
 
 6
 The two more important factors are those of probable irreparable injury to plaintiff without a decree and of likely harm to defendant with a decree. If that balance is struck in favor of plaintiff, it is enough that grave or serious questions are presented; and plaintiff need not show a likelihood of success. Always, of course, the public interest should be considered.
 
 
 7
 Id. at 196.
 
 
 8
 This case is not a typical antitrust, preliminary injunction request. It does not involve a dispute between competitors; a manufacturer threatening to terminate a dealership, see Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197 (2d Cir.1970); a manufacturer threatening to terminate a distributor, see Bergen Drug Co. v. Parke, Davis & Co., 307 F.2d 725 (3d Cir.1962); or a manufacturer/wholesaler threatening to terminate sales to a retailer, see Blackwelder Furniture. In these types of cases, courts have been willing to find irreparable harm to plaintiffs' goodwill, its business reputation, business opportunities, or its continued existence. See Blackwelder Furniture, 550 F.2d at 197.
 
 
 9
 In this case, however, Wells American does not present sufficient evidence to demonstrate irreparable damage. The only evidence presented are affidavits from its management that track the general allegations of the complaint that Wells American has suffered damages resulting from lost sales and lost business opportunities. Wells American has not offered any financial statements indicating lost revenue, any statistical correlation between changes in its advertising and declining revenue, or any affidavits from any dissatisfied customers or lost potential customers. Without any indicia that Wells American is suffering, and will continue to suffer, irreparable damage if the injunction is not issued, we cannot find that the district court erred in its conclusions.
 
 
 10
 In fact, we agree with the district court that
 
 
 11
 [t]he harm claimed by plaintiff is the loss of profits and of business opportunities. While this injury may be severe, the court is not persuaded that it can be classified as irreparable. Lost profits, to the extent that they can be established, are compensable through money damages.
 
 
 12
 Wells American Corp. v. Ziff-Davis Publishing Co., C/A No. 89-2181-3-16, at 3 (D.S.C. Oct. 13, 1989) (order denying preliminary injunction).
 
 
 13
 Moreover, it appears from the record that Ziff-Davis printed, at or near the time of the advertisements in dispute, other Wells American advertisements over which there is no controversy. For these correctly printed ads, Ziff-Davis claims that Wells American owes $305,022.19, and Wells American does not contend that it ever paid anything to Ziff-Davis for correctly printing these ads.
 
 
 14
 The relief requested by Wells American is a mandatory injunction--requiring Ziff-Davis to do something. This court has never, and will not now, require a company to do business with a client or customer whose uncontested outstanding account balance is over three hundred thousand dollars.
 
 III.
 
 15
 As a second basis for denying Wells American's motion, the district court held that an injunction would contravene the public interest and infringe upon Ziff-Davis' first amendment rights. Because we find that Wells American has not demonstrated any potential irreparable harm, we have no need to reach this alternative ground for the district court's decision. However, our failure to thoroughly address and discuss this constitutional issue does not indicate our approval of the lower court's reasoning on this question.
 
 IV.
 
 16
 For the reasons stated above, we hold that Wells American did not prove irreparable harm, and the district court's denial of its motion is
 
 
 17
 AFFIRMED.